# Dawson *et al. v.* Ramser.

*Bill in Equity to annul a Deed and subject the estate therein to Administration and Distribution under a Will.*

1. *Power of sale under a will; what valid compliance.*—A testator provided in his will that his wife was to have the power of selling or exchanging any of the property devised, for cash or other property, provided the power be exercised by and with the advice of two persons named in the will; whereupon the wife, by ordinary deed of bargain and sale, duly attested, conveyed a lot to another, reciting in the conveyance that it was with the knowledge and consent of the two persons named in the will, and such persons endorsed on the conveyance that they ratified and confirmed the sale,—*held*, that the sale was a valid execution of the power in the will, and conveyed the title to the purchaser.

2. *Bona fide purchaser from trustee; not responsible for application of funds.* One who buys in good faith from a trustee having power to sell, and pays the purchase money, is not responsible for its application, unless the purchaser colluded with the trustee, or knew of his intention to waste or mismanage the funds.

APPEAL from the Chancery Court of Barbour.
Heard before the Hon. N. S. GRAHAM.

W. H. DENSON and OATES & McKLEROY, for appellant.

J. L. PUGH and D. M. SEALS, *contra*.

STONE, J.—The leading, if not the sole purpose of the present suit, is to have the sale and conveyance of the house

and lots to Ramser, set aside and vacated, and the title decreed to be "in the heirs and legatees and distributees of said William L. Cowan, and the administrator of said estate placed in the peaceable possession of the same, that the same may be applied to the payment of said advancements, and equitably distributed under the provisions of said will of said William R. Cowan." The bill does not pray a settlement of Fleming's administration of Cowan's estate, and does not pray that the further execution of the will, or Fleming's settlement, be transferred to the Chancery Court. It makes no complaint of the administration of Fleming, and does not seek to hold him accountable for an unequal distribution of the assets. If the bill contained the necessary averments and prayer to raise these questions, it is questionable if some of them at least would not be incongruous with the main purpose of the bill. We will, then, treat the bill as having for its sole purpose the vacation of the sale to Ramser.

1.   The power in Cowan's will is in the following language: "My wife is to have the power of selling or exchanging any of the property devised to her, for cash or other property, provided the power is exercised by and with the advice and consent of James L. Pugh and Dr. Sam. C. Cowan." The will contained the following clause, anterior in position to the one copied above: "All my estate left, after the payment of my debts, I give and devise unto my beloved wife, Ann S. Cowan, to be kept together, used and managed by her as she may think proper. My unmarried children to remain with her free of charge for support and maintenance until they marry; and as each child marries, it shall receive in money or property two thousand dollars, to be advanced whenever my wife thinks she can do so, without injury or embarrassment."

It will be observed that this will confers on testator's wife very large discretionary powers, limited in the matter of selling or exchanging any of the property devised, by the sole condition, that it be done with the advice and consent of the two persons named. The deed is an ordinary deed of bargain and sale from Mrs. Cowan to Ramser, conveying the lots in controversy. The concluding clause is in the following language: "In witness whereof I have hereunto set my hand and affixed my seal to this conveyance, with the knowledge and consent of Dr. Sam. Cowan and my brother, James L. Pugh, as by my husband's will directed." This deed was signed, sealed and delivered January 1, 1866, in the presence of two subscribing witnesses, and on it was indorsed the following: "January 19, 1866. We hereby

ratify and confirm the above sale and conveyance to Jacob
Ramser by Mrs. Ann S. Cowan. (Signed) S. C. Cowan, J.
L. Pugh." It is proved, not only that the sale and convey-
ance were made with the knowledge and consent of Cowan
and Pugh, but under their advice previously given. It is
also proved that Ramser paid the entire purchase money in
cash, and that the price paid was the market value of the
property. Under these facts, we agree with the chancellor
that the will of Mr. Cowan contains a power of sale to Mrs.
Cowan, and that she fully conformed to the power and its
conditions in making the deed. Buford negotiated the terms
of sale, as he was requested to do. For such service, no
written authority was necessary. The deed was the con-
summation—indeed, the making of the contract. Till it was
executed and delivered, no contract was made which the law
could recognize or enforce.—Code of 1876, § 2121, subd. 5.
The sale and conveyance were made by Mrs. Cowan.—See
2 Sto. Eq. Ju. 1062a, and note 2.

2. It is contended that the money derived from this sale
was misapplied, and therefore the sale should be annulled.
It is not necessary for us to inquire whether there was such
misapplication. All knowledge of this is denied by Ramser,
and there is no testimony offered to sustain the charge. One
who buys in good faith from a trustee having power to sell,
and pays the purchase money, is not responsible for its
application, unless it be made to appear that the person
making such payment colluded with the trustee, or knew of
his intention to waste or mismanage the funds.—Code of
1876, § 2197. We do not say there is any evidence of misap-
plication in this case.

The decree of the chancellor is affirmed.