# McDOUGALD'S ADM'R vs. CAREY.

[CREDITOR'S BILL—BILL OF REVIEW.]

1. *Succession to trust estate on death of trustee; presumed existence of common law elsewhere.*—By statute in this State, (Code, § 1323,) on the death of the sole trustee of an express trust, the trust estate does not pass to his heirs or personal representatives; but the rule at common law was different, and that rule will be presumed, in the absence of evidence to the contrary, to prevail in a sister State; yet a personal representative, appointed in another State, would have no right, by virtue of that appointment, to maintain a suit here to enforce payment of a debt due to the trust estate out of the debtor's assets.

2. *Revivor of appeal.*—On the death of a sole trustee of an express trust, appointed in a foreign jurisdiction where the common law prevails, pending an appeal from a decree in chancery obtained by him here, the appeal must be revived against his successor in the trust appointed here.

APPEAL from the Chancery Court of Russell.
Heard before the Hon. JAMES B. CLARK.

The original bill in this case was filed on the 30th May, 1851, by Edward Carey, as the assignee of the Bank of Columbus, Georgia, on behalf of himself and the other creditors of Daniel McDougald, deceased, against Jesse Wilkerson, as the administrator of said McDougald, and others. Its object was to enforce payment of certain debts due and owing to the Bank of Columbus by said McDougald, out of assets belonging to his estate; to foreclose a mortgage, or deed of trust, executed by said McDougald, by which certain lands, slaves, and other property were conveyed to Seaborn Jones and R. B. Alexander, as trustees; and to enjoin a sale of the property by the administrator. On final hearing, on pleadings and proof, at the November term, 1855, the chancellor dismissed the bill. In March, 1856, Carey filed a bill of review, to which the defendant Wilkerson interposed a demurrer. At the November term, 1858, on final hearing of the bill of review, the chancellor

overruled the demurrer, and rendered a decree, reversing and annulling the decree on 'the original bill, and ordering the cause 'to be reinstated on the docket and re-heard. From this decree an appeal was sued out by the defendant Wilkerson, returnable to the January term, 1860. At the June term, 1860, the death of Carey was suggested; and it was thereupon ordered by the court, "that a *scire facias* issue to his representative, when known, to revive." At the January term, 1861, a motion was submitted by the counsel of the appellee to dismiss the appeal, on account of the failure to revive; and, at the same time, the appellant's counsel asked for an extension of time within which to make the necessary revivor. These motions were continued until the present term, when the following opinion was delivered.

GOLDTHWAITE, RICE & SEMPLE, and GEO. D. HOOPER, for appellant.

W. P. CHILTON, L. E. PARSONS, and D. CLOPTON, *contra*.

A. J. WALKER, C. J.—The appellee obtained a decree in the chancery court. The appellant, being defendant therein, appealed. Afterwards, the appellee died. The appellee was only interested as a trustee. The question is now presented, in whose name shall the appeal be revived. Section 1323 of the Code provides, that upon the death of a sole or surviving trustee of an express trust, the trust estate does not descend to the heirs, or pass to his personal representatives. Under this law, it is very clear that a trust, created and subsisting in this State, would not pass, on the death of the trustee, to the heir or personal representative of the deceased trustee, however the rule may have been at common law.—*Maulden, Montague & Co. v. Armistead*, 14 Ala. 702.

But, in fact, the trust here was created in Georgia; and the suit was instituted for the purpose of collecting a debt due the trust, out of an alleged debtor's assets in the State of Alabama. These facts can not change the aspect of

21

the question. The common law is presumed to prevail in Georgia; and by the common law, the trust title, as to personalty, passes upon the death of the trustee to his personal representative.—*Maulden, Monlague & Co. v. Armistcad, supra*; *Powell v. Knox*, 16 Ala. 364; Hill on Trustees, 303; Lewin on Trusts, 260, 279. Presuming the common law to prevail in Georgia, we must intend that the title to the personalty in that State, belonging to the trust, passed to the personal representative of the trustee.

The personal representative, appointed in Georgia, could, however, exercise no authority beyond the jurisdiction in which he was appointed, and would, therefore, have no authority, by virtue of his appointment in Georgia, to maintain a suit for the purpose of enforcing the payment of a debt due to the trust out of assets of the debtor in the State of Alabama.—*Harrison v. Mahorner*, 14 Ala. 829. It would, therefore, be necessary, in the absence of our statute, that an administration should be taken out in this State, in order that a proper party might be substituted for the deceased trustee. As, however, our statute does not permit the succession of an administrator to the title of the trustee, it is indispensable, that a trustee should be appointed in this State, as the successor of the deceased trustee; and the trustee so appointed is the proper party, against whom the appeal should be revived, in lieu of the deceased appellee. It is our duty to exercise a "general superintendence and control of inferior jurisdictions." This we can not do in this case without making the successor of the deceased trustee a party. We therefore decide, that a revivor against the successor when appointed shall be had, and that for that purpose a *scire facias* may issue.—*Jordan v. Abercrombie & Thompson*, 15 Ala. 580.

We are requested by the appellant to decide, whether it is competent for him to apply to the court of proper jurisdiction for the appointment of a trustee. This question we do not suppose it is important for us to decide. We presume, that now, when it is definitely settled that the

proper party is a successor of the deceased trustee appointed by the proper tribunal in this State, those who are beneficially interested in the trust will take steps to have such trustee appointed by the next term of this court. If they should, however, fail to do so before the next term of the court, we will then consider what further order it may be necessary for us to make.

The motion to dismiss the appeal is overruled, and further time is allowed to the appellants within which to revive the appeal.