# Whitehead *v*. Whitehead.

*Proceeding for Appointment of Trustee.*

1. *Trust and trustees; trustee has no power to appoint successor.* A trustee has no power to appoint his successor in trust, unless such authority is expressly conferred on him in the instrument by which the trust was created.

2. *Same; personal representative does not succeed trustee.*—Under the provisions of the statute that upon the death of a trustee the trust estate does not descend to his heirs, or pass to his personal representative (Code §1044), the executor of the will of a trustee does not succeed to the right to administer the trust.

3. *Widow of trust not entitled to preference of appointment.*—The widow of a trustee it not entitled to be preferred in the appointment of a successor to her deceased husband to administer the trust estate.

APPEAL from the City Court of Bessemer in Equity.

Heard before the HON. B. C. JONES.

The proceedings in this case were instituted by the appellant, Lucy Whitehead, filing a petition in the City Court of Bessemer, asking for the appointment of an administrator and trustee of and for the estate of John Whitehead, deceased, with the will of said John Whitehead annexed. It was averred in the petition that under and by virtue of the will of John Whitehead, deceased, Joseph Whitehead, the son of John Whitehead, was nominated executor and named as trustee to carry out trusts created by the provisions of said will. The will is annexed to the petition as an exhibit, and it is shown that certain trusts were imposed upon the said Joseph Whitehead, as trustee, who was also named as executor.

It was further averred in the petition that Joseph Whitehead had died, and that the trust had not been fully performed. Subsequent to the filing of this petition, petitioner made a motion to dismiss the proceedings upon the grounds that Joseph Whitehead, who was nam-

ed as trustee and executor in said will left a last will and testament, and named a testator; and that the title to the property of John Whitehead, deceased, and the trusteeship of said property descended to the testator of the last will and testament of Joseph Whitehead. Subsequently, there was filed a cross petition on the part of some of the children and heirs of John Whitehead, deceased, in which they asked for the appointment of the trustee. Demurrers were interposed to the original petition, and to the cross petition. On the submission of the cause, the judge of the city court rendered a decree overruling the motion to dismiss the petition, and granted the prayer of the cross petition, and named and appointed a trustee as successor in the trust under the will of Joseph Whitehead.

The original petitioner appeals from this decree, and assigns the rendition thereof as error.

BENJAMIN F. BAXLEY, *for appellant.*—Under the law, Joseph Whitehead, by reason of said trusteeship in his father's will, took said property mentioned therein, thereby creating in him the legal title to said property, or such an interest therein as he could and did convey to his executrix in his last will and testament, she being his legal successor under said will of John Whitehead, thereby creating in his executrix the same right, title, interests and trusts that were conveyed to him by said father in his last will and testament.—*Connell v. Cole,* 8 So. Rep. 72, and citations; *Anderson v. Northrop, et al.,* 12 So. Rep. 318, and citations; *Thorington v. Thorington,* 1 So. Rep. 716; *Robinson v. Pierce,* 24 So. Rep. 984.

J. A. ESTES and W. K. SMITH, *contra.*

TYSON, J.—The appeal in this cause is from a decree appointing a successor to Joseph Whitehead, deceased, who was appointed trustee by the will of his father, imposing upon him active duties to perform, and who before his death accepted the trust and entered upon the discharge of those duties.

No provision was made by the will for the appointment of his successor. In other words, no power was con-

ferred upon Joseph Whitehead to name his successor. And under it he was without authority to do so.

As said by Mr. Beach in his work on Trusts and Trustees (§ 368) : "The power to appoint a successor is not inherent to the office of a trustee. But the trustee of an express trust may be invested with this power by the settler or creator of the trust. When a trust is created by a deed or will, the trustees may be empowered to appoint their successors, but the power must be conferred by the instrument by which the trust was created. A trustee can delegate his power only as he is authorized to do it by the instrument creating the trust."

But it is said by appellants' counsel that the legal title to the trust estate was in the trustee and under his will his executrix succeeded to his right to administer it, notwithstanding he was not clothed with the authority by the instrument appointing him to name his successor.

To answer this contention we need only refer to section 1044 of the Code which provides that "upon the death of a sole or surviving trustee of an express trust, the trust estate does not descend to his heirs or pass to his personal representatives."

It is next insisted that as appellant is the widow of the testator, she is entitled to be preferred in the appointment of the successor to administer the trust estate.

The statute conferring preferences in the matter of granting letters of administration have no application here. The jurisdiction of the court to make the appointment is not challenged. And indeed, cannot be.

"It is a maxim of equity that no trust can be permitted to fail for lack of a trustee, and courts of equity have full authority to supply any lack of this character."— 1 Beach on Trusts and Trustees, § 252.

What we have said disposes of all contentions made in brief of appellants' counsel.

Affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, J.J., concurring.