# Prince *v.* Prince.

*Willfully Cutting Trees.*

(Decided May 24, 1909. 49 South. 873.)

1. *Appeal and Error; Record; Filing Transcript.*—Where the citation of appeal was not served upon appellee until after the expiration of the term to which appeal was returnable, the appeal will not be dismissed for delay where it is not shown to have been the fault of the appellant.

2. *Same; Harmless Error; Exclusion of Evidence.*—In an action for cutting trees the plaintiff must show a legal title therein, and the error in excluding a conveyance showing legal title to the land

[Prince v. Prince.]

in the plaintiff is not rendered harmless because it is alleged in the complaint that the trees were cut from the Ellis Prince place and the proof tended to show that they were cut from the George Prince place, since the plaintiff might have shown that the place was known as the George Prince place had she been permitted to introduce her evidence of legal title, and proceed with her other testimony.

3. *Trusts; Estates Created; Beneficiary.*—Where the conveyance in trust raises no duty for the trustee, but creates only a naked or dry trust the legal title vests at once in the beneficiary under provisions of section 1027, Code 1907.

APPEAL from Lee Law and Equity Court.

Heard before Hon. A. E. BARNETT.

Action by I. H. Prince as administrator against Frank Prince for knowingly and willfully cutting down trees. Judgment for defendant and plaintiff appeals. Reversed and remanded.

R. C. SMITH, R. B. BARNES, and LUM DUKE, for appellant. The deed from Holderness and wife to Elbert Prince as trustee for Mary Prince created a naked trust and the legal title to the lands conveyed vested in the beneficiary.—Code 1896, sec. 1027; *You v. Flynn,* 34 Ala. 414; *Tindall v. Drake,* 51 Ala. 574; *Wilkerson v. May,* 69 Ala. 33; *Jordan v. Phillips,* 126 Ala. 561; *Robinson v. Pierce,* 118 Ala. 173.

GEORGE P. HARRISON, for appellee. The deed passed the legal title to Elbert Prince as an individual and not as trustee for any one. The descriptive words being merely descriptive of the person.—*Mary v. Howard,* 91 Ala. 133; *Agee v. Williams,* 27 Ala. 644; *Arrington v. Hare,* 19 Ala. 242. The affixing of the name is not the equivalent of an averment that he sues in a representative capacity. —*Wright v. Wright,* 56 Ala. 43; *Bradley v. Grady,* 46 Ala. 277. This being true plaintiff has no title. In any event, the error in excluding the deed, if it was error, was harmless, since the proof showed that the cutting

was from the Ellis Prince place and not from the George Prince place as alleged.

McCLELLAN, J.—There is a motion to dismiss the appeal because, first, the certificate of the clerk and register shows that the transcript is of a case late pending in the law and equity court of Lee county, and that the record shows the judgment appealed from to have been rendered in the circuit court of Lee county; and, second, because the transcript was not filed during the term to which the appeal was returnable. The acts establishing the law and equity court and providing for the transfer of causes, etc., thereto from the circuit court, take the point out of the first ground of the motion. The second ground of the motion cannot be sustained, because the citation of appeal was not served on the appellee until after the expiration of the term to which the appeal was returnable, and the delay in such service does not appear to have been the fault of the appellant.

The action is to recover the penalty for willfully and knowingly cutting trees on land of the plaintiff (appellant.) The court below excluded the conveyance offered to show title in the plaintiff, and this on the sole ground that the legal title vested thereunder in the trustee named in the instrument. The conveyance created only a dry, naked trust, raised no duties for the trustee, and hence, under our statute (Code 1896, § 1027, and its predecessors) vested in the beneficiary, the plaintiff, the legal estate in the real estate conveyed.—*You v. Flinn,* 34 Ala. 409; *Jordan v. Phillips,* 126 Ala. 561, 29 South. 831. There can be no doubt that the grantors intended Mary Prince to be the beneficiary under the conveyance. This was error, to reverse the judgment below.

It is insisted that, though this ruling was error, it was error without injury, because the affirmative charge

[Ham v. The State, ex rel. Blackmon.]

was due defendant on account of a variance in respect of the allegation that the lands from which the trees were cut was the Ellis Prince place, whereas, the proof tended to show it was the George Prince place. The exclusion of the deed on the ground before stated, in effect, put the plaintiff out of court, so far as a recovery then was concerned. The rule of error without injury has no field of operation under such circumstances. If so, any vital ruling on a trial would lead to affirmance, in consequence of a condition made by the erroneous ruling itself. It might be that the next step for plaintiff would have been to show that the place was known as the Ellis Prince place, in accord with the description set out in the complaint; but with her evidence of title excluded she could not proceed.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.