# Reese, *et al. v.* Ivey, *et al.*

## Bill to Construe and Enforce Trust.

(Decided May 24, 1909. Denied June 30, 1909. 50 South. 223.)

1. *Trusts; Power of Trustees; Power of Successor.*—A deed conveyed land to a trustee and to his successors in trust. The habendum clause, which was to him and his successors in trust, with the recital that the trustee and his successors in trust were to hold the premises, with the provision that the said trustee, with the consent of the grantor, should have power to sell and convey the premises, or any part thereof free from trust. Held, the power to sell was annexed to the office of trustee and passed to the original trustee's successor.

2. *Same; Sale of Property; Rights Acquired by Purchasers.*—One who buys in good faith from a trustee having power to sell and pays the purchase money is not responsible for its application unless the purchaser colluded with the trustee or knew of his intention to misapply or misappropriate or waste the funds.

3. *Same; Resignation of Trustee; Appointment of Successor; Validity.*—Construing together sections 6093, 6094, 6098 and 6099, it is held that where the trustees in an express trust resigned, and the notice required by section 6094, Code 1907, was given, the appointment of the successor was not invalid because certain persons having a contingent interest in the property were not brought in by the notice.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

[Reese, et al. v. Ivey, et al.]

Bill by W. S. Reese, Jr., and others, against J. R. G. Ivey and others. From a decree sustaining demurrers to the bill, complainants appeal. Affirmed.

The instrument mentioned in the opinion is as follows: "State of Alabama, Montgomery County. This indenture, made on the 7th day of May, 1898, between Caroline Bostwick Reese, party of the first part, and Warren S. Reese, party of the second part, witnesseth: That said party of the first part, in consideration of the sum of $5 to her in hand paid by the party of the second part, the receipt whereof is hereby acknowledged, and in consideration of the covenants and agreements entered into herein by the party of the second part, have granted, bargained, sold, and conveyed unto the said party of the second part, and to his successors in trust, the following real estate: (Here follows the description.) To have and to hold, all and singular, the above-granted premises, together with the appurtenances, and every part thereof, unto the party of the second part, his successors in this trust, upon the trust and conditions herein set out, to and for the uses, interests, and purposes hereinafter limited, described, and declared; that is to say: That said party of the second part and his successors in trust are to have and to hold the afore-granted premises to and unto the said Warren S. Reese, trustee, for the sole and separate use of the party of the first part, Caroline B. Reese, for and during her natural life; and should said Caroline Reese marry and die leaving children or grandchildren, for the use and benefit of said children and grandchildren of said party of the first part, Caroline B. Reese, for their lives, with the remainder in fee to their descendants. Should any of her children die without issue, then the said property is to be held in trust for the use of the survivor for and during his or her natural life; but in the event of

29—162

the death of any of her said children, leaving issue, then the said property shall be held in trust during the life of the surviving child for the benefit of the surviving child, and the children by such deceased child or children, the children of said deceased child to take the part their ancestor would have taken. If the party of the first part should die, leaving no children or descendants of children, then said property upon the death of the party of the first part shall descend to the brother of the party of the first part, viz., Warren S. Reese, Jr., and to the sister of the party of the first part, viz., Minnie Reese Richardson, during the term of their natural lives; and upon the death of the said Warren S. Reese his share shall descend to his legal heirs, and upon the death of said Minnie Reese Richardson her share shall descend to her legal heirs. (Here follows the power, not necessary to be set out, with this additional power): And it is hereby provided that the said trustee, by and with the written consent of the said Caroline Bostwick Reese, shall have the power to sell and convey the aforegranted premises, or any part thereof, discharged of the trust aforesaid; but the proceeds of sale or sales shall be invested in other property by the said trustee, which shall be subject to the like trust as the original property was under and by virtue of the terms of this deed."

GUNTER & GUNTER, for appellant. A court of Chancery has no jurisdiction merely to construe titles and to declare rights. It may only decide bona fide controversies, as they arise.—4 Mews Eng. C. L. Dig. 1000; *Cooke v. Cooke*, 4 DeG. J. & S. 704; *Gurney v. Gurney*, 1 H. & M. 413; *Murray v. Moyers*, 16 Irish Ch. 520. The only course open for a party who could not present an action in praesenti was to perpetuate his testimony and await the accrual of his right of possession.—Author-

ities supra. The limitations to the heirs of Warren S. Reese and Minnie Reese Richardson, after their life estate is a vested interest subject to be divested by death prior to the death of the respective life tenant.—*Kumpe v. Coons,* 63 Ala. 448; *Small v. Young,* 109 Ala. 528. Therefore, there would be a right at common law in the remaindermen to appeal to this court for the protection of their interest by the removal of a cloud or otherwise on the title. The life tenant when he enters into a conveyance of any sort becomes the bailee of the estate for the remaindermen and cannot by any act throw off the relation before the expiration of the estate so as to start an adverse possession.—Gray on Perpetuities, sec. 100; *Pickett v. Pope,* 74 Ala. 122; *Crampton v. Rutledge,* 47 South. 216; 1 Washburn Real Property, sec. 244. The remaindermen is in constructive possession during the life estate though not in actual occupancy. Trust property may always be followed until it passes into the hands of a bona fide purchaser for value without notice, and then the proceeds are substituted for the property itself.—11 Wall. 217; 104 U. S. 70. So the bill was clearly good as a common law bill. It was also good under the express words of the statute.—Sec. 5443, Code. The power of the register under article 6, section 6093, et seq., Code 1907, is special and statutory, and must be strictly followed. It is a general rule that procedure without notice, which challenges the right of property, is not due process even when the statute authorizing the procedure is silent as to notice.—*Willburn v. McCalley,* 63 Ala. 436; *Windsor v. McVay,* 93 U. S. 274; *Chicago v. Smith,* 78 Ill. 96. Sec. 6099, Code 1907, requires notice to remaindermen, which was not given. *Chicago v. Smith, supra;* 24 Cyc. 1122. The infants not being named as parties the appointment of a guardian ad litem is void. They must not only be parties

but must be brought in as provided by law.—*Bondurant v. Sibly,* 37 Ala. 571; *Irvin v. Irvin,* 57 Ala. 614; *Herrin v. Rickets,* 101 Ala. 342; *McIntosh v. Adkinson,* 63 Ala. 241; *Galpin v. Paige,* 18 Wall. 350. The power was discretionary and did not pass to the new trustees.—*Moore v. Hood,* 9 Rich. Eq. 311; 2 Beech on Trustees, sec. 535; Hill on Trustees, 3812.—*Doc. ex dem Gosson, v. Ladd,* 77 Ala. 223; *Turner v. Harris,* 55 Ala. 503; *Werborn v. Austin,* 77 Ala. 381; *Randolph v. E. D. L. Co.,* 104 Ala. 652; *Crampton v. Rutledge, supra.* Distretionary powers are incapable of delegation.—*Tarver v. Hayes,* 55 Ala. 506, and authorities there cited. It follows that the deed of Pullum was void and the title papers disclosing the defect purchasers were charged with the notice.—*Shorter v. Frazer,* 64 Ala. 74, and authorities there cited. The rule in Alabama as to perpetuities is that the limitation is void unless it must vest, if at all, not later than three lives and ten years thereafter.—Sec. 3417, Code; Gray on Perpetuities, sec. 201 and 205; *Small v. Young, supra; Acree v. Dabney,* 133 Ala. 487. The second limitation in the deed is not affected by the first limitation being offensive to the perpetuties, since it did not have to await the end of the first to take effect, but was to take effect, if at all, at the death of the first life tenant without children.—Gray on Perpetuities, sec. 341, et seq.; *Miles v. Handford,* L. R. 12 Ch. Div. 691; *Crompe v. Barrow,* 4 Ves. Jr., 681; *Carr v. Atkinson,* L. R. 14 Eq. 397; *Webb v. Sadler,* L. R. 8 Ch. 419.

MARKS & SAYRE, for appellee. A power appendant to an estate may be executed by its successor in trust unless the contrary clearly appears.—2 Perry on Trust, sec. 503. When it does not clearly appear that a power is vested, and founded upon personal confidence in a

particular person, it will be construed as belonging to the estate or office, and not to an individual.—*Alexander v. Washington*, 1 Md. 485. The suit was prematurely brought.—*Kumpe v. Coons*, 63 Ala. 448; *Mason v. Paige*, 34 Ala. 388.

SIMPSON, J.—The bill in this case, was filed by the appellants, who are the children of Minnie Reese Richardson, and Warren S. Reese, both of whom are living.

The averments of the bill are: That on May 7, 1898, Carrie B. Reese, who was the then unmarried sister of said Minnie Reese Richardson and Warren S. Reese, executed the conveyance, which will be copied in the statement of this case, so far as may be necessary. That Carrie B. Reese afterwards was married to William Pullum, and on August 31, 1908, died intestate and without descendants. That, during the life of said Carrie B. Reese, in 1902, said Warren S. Reese and Minnie Reese Richardson conveyed their interest in the property described in said deed to said Carrie B. Reese. That afterward, in 1902, said Warren S. Reese resigned his trusteeship under said deed to the register in chancery of Montgomery county. That, on the petition of said Carrie B. Reese, said William Pullum was, by the register, appointed trustee in place of said W. S. Reese, resigned. The register's order recited that C. Pullum, Minnie Reese Richardson, and Corayle S. Richardson, Minors, were interested in said property. A guardian ad litem was appointed to represent them and did represent them. No bond was required of said trustee. No notices were served on the complainants in this bill. On May 26, 1902, said William Pullum, as trustee, and his said wife, Carrie B. Pullum, conveyed the property to Geo. W. Crist, on a recited consideration of $5,000. That no consideration was really paid by said Crist.

That he placed a mortgage on said property for $3,000 June 2, 1902, and on July 24, 1902, said Crist conveyed said property to said Carrie B. Pullum on a recited consideration of $2,200 and the assumption by said Carrie B. Pullum of the payment of said mortgage. That the entire transaction was fraudulent for the purpose of getting said trust property clear of said trust. That afterward, to wit, on August 12, 1902, said William and Carrie B. Pullum conveyed the property to J. S. Willcox for the sum of $5,500; the consideration being that he assume the payment of said mortgage debt, amounting to $3,059, and the satisfaction of a personal debt due to said Willcox, by said Wm. Pullum, of $1,250, the payment of taxes due on the property of $71.88, insurance $58, attorney's fee $75, recording fees $325, papering the house on said property $30, and cash $1,068.37. Afterwards said Willcox sold the property to Blakey for $6,000. He sold to Hawkins, and on September 9, 1908, said Hawkins sold the same to J. R. G. Ivey, the defendant, for $7,500. That said Willcox had notice that said property was trust property, and that said sale to Crist was not bona fide for reinvestment, and was in fraud of the trust.

The bill claims: That the trust was discretionary; that the power conferred on the original trustee did not pass to said Pullum; that the deed from said Pullum and wife operated to convey only the life estate of said Carrie B. Pullum, and the life estate thereafter of said Minnie Reese Richardson, and said Warren S. Reese; that said remaindermen are in constructive possession, and said Ivey, being only a life tenant, is bailiff of said property for said remaindermen and holds possession for them, but said Ivey denies their title and claims to own said property in fee; that no suit is pending, and complainants have no right to immediate possession.

The prayer is that the title and right of complainants and defendants be settled and determined and all doubts and disputes concerning the same be cleared by decree, and complainants be declared entitled to vested remainders in said property. The bill originally sought, also in the alternative, to make Willcox account for the loss of said remainders; but, after demurrer sustained, that feature was eliminated by amendment. Demurrers were interposed to the bill, which were sustaind, and from that decree this appeal is taken.

"One who buys, in good faith, from a trustee having power to sell, and pays the purchase money, is not responsible for its application, unless the purchaser colluded with the trustee, or knew of his intention to waste or mismanage the funds."—*Dawson et al. v. Ramser,* 58 Ala. 573; 28 Am. & Eng. Ency. Law (2d Ed.) pp. 1131, 1132. As it is not alleged that the appelleee J. R. G. Ivey knew of any mismanagement, or bought otherwise than in good faith, it is important to inquire whether the trustee had power to sell. The deed of Caroline B. Reese conveyed to the original trustee, Warren S. Reese, "and to his successors in trust," and the habendum clause is to him, "his successors in trust, upon the trust and conditions herein set out, to and for the uses, interests and purposes hereinafter limited, described and declared, that is to say, the said party of the second part and his successors in trust, are to have and to hold the aforegranted premises," etc. After describing the trusts, it is provided: "That the said trustee, by and with the consent of said Caroline Bostwick Reese, shall have power to sell and convey the aforegranted premises, or any part thereof discharged of the trust aforesaid." "The said trustee," must necessarily refer to the trustee previously described in the deed, to wit, said Warren S. Reese, "and his successors

in trust." This is made clear by the fact that the intent of the grantor was to keep the power of sale, within her own discretion, as the sale was to be made only with her consent. We think the power is annexed to the office of trustee.—2 Perry on Trusts, § 503.

It is insisted, however, by appellant, that the law was not complied with, in the appointment of the new trustee, because the complainants were not brought in by notice. It will be noticed that, at that time, said Carrie B. Pullum had two children, who were represented by guardian ad. litem, and, if these complainants had any interest, it was only contingent on said children dying before their mother, and she then dying without children. The statute provides that a trustee may resign to the register (section 6093, Code 1907), that notice must be given by publication (section 6094, which was done), and that "the register, on the granting of such application, may appoint a trustee, and if necessary to protect the parties interested in the trust property, may require the necessary bond of such trustee" (section 6097). It will thus be seen that the resignation and the appointment of the new trustee constitute one continuous proceeding, and, in this case, the only notice required by statute was given. The next succeeding section of the chapter relates to the case of the death of a trustee, and section 6099 relates to the same and provides only that parties in interest must be notified either by personal notice or by publication, while section 6100 seems to refer to the same, as it refers only to a proceeding "to appoint a trustee," and not to a proceeding on resignation. However, it confers authority on the register to appoint a guardian ad litem, but does not make it jurisdictional. It results then that the appointment of Pullum as trustee was legal and regular. The conveyance by him (his wife consenting)

carried the legal title, and the appellee Ivey, being a bona fide purchaser, cannot be affected by the matters set up in the bill.

In the view we take, it is unnecessary to discuss the other · interesting questions suggested in the brief of appellant.

The decree of the court is affirmed.

Affirmed.

DOWDEL, C. J., and ANDERSON and MCCLELLAN, JJ., concur.

