(119 So. 665)

### TARVER v. UNION SPRINGS COTTON MILLS et al.   (4 Div. 387.)

Supreme Court of Alabama.   Jan. 17, 1929.

Jacob A. Walker and Richard H. Cocke, both of Opelika, for appellant.

R. E. L. Cope, of Union Springs, and G. L. Comer & Son, of Eufaula, for appellees.

FOSTER, J. The bill in equity was filed by appellant to foreclose a deed of trust, executed by the Union Springs Cotton Mills to M. N. Eley, as trustee, to secure a bond issue of $10,000. The deed of trust contained stipulations authorizing the maturing of the entire indebtedness upon failure, for six months after maturity and presentation for payment, to pay any interest coupons. It further provided that, in such event, the "trustee may, and upon the application in writing of said bond holders or the holders of a majority thereof, shall proceed according to law to foreclose this mortgage."

The bill alleges that "he (orator) is the owner and holder of two bonds of said issue"; and that "all the bonds of said issue have been taken up and are not outstanding, and complainant is the holder of the majority and in fact all of the outstanding bonds of said issue." It alleges default for more than six months after the maturity and presentation of the interest coupons. It further alleges that, before the filing of the bill and more than six months after such default, he made written demand upon the trustee that he proceed to foreclose said mortgage, but that said trustee failed or refused to proceed with such foreclosure, and has continued so to do up to the time of filing this bill.

Demurrers were filed raising in effect the following issues: That the owners of the other bonds secured by the deed of trust are not made parties; that the trustee alone has the right to foreclose the mortgage; that the bill does not show that any of the other bondholders requested a foreclosure; that the averment in the bill, that all of the bonds except those held by complainant have been taken up and are not outstanding, and that complainant is the owner of the majority and in fact all the outstanding bonds of said issue, is insufficient, not showing the manner in which this was done, and is the conclusion of the pleader; that complainant is not shown to have requested any of the bondholders to join in the foreclosure.

■■ It will be noted, as above mentioned, that the bill alleges all the bonds except those held by complainant have been taken up and are not outstanding, and that complainant is the holder of all the outstanding bonds of said issue. No other issue of bonds is provided for in the mortgage. Those allegations all taken together are sufficient to show that at the time suit was brought all of the said bonds had been paid, except those held by complainant. Allegations of payment may be made in very general terms. As indicative of such principle, form 38 (Code 1923, § 9532), applicable to suits at law, prescribes a form of plea in such general terms. Frank v. Thompson, 105 Ala. 211, 16 So. 634. Such general averment is held sufficient as a rule, irrespective of the Code form. 30 Cyc. 1254.

If the bonds, all but those held by complainant, had been paid and taken up, and were not outstanding, there was no occasion to find some person, who may at one time have held them, and make him a party. The allegation in the bill may be denied, and complainant put to proof. Complainant could do no more than allege that all the balance of such indebtedness has been paid, if it is true. In the light of such an allegation, no others were proper parties as bondholders.

■ It is next insisted that the trustee alone has the right to foreclose. This is true, generally, but it is subject to another rule which is sometimes stated as follows: "Any beneficiary (of such deed of trust) may institute a suit for foreclosure in his own name, when the trustee unreasonably neglects or refuses to do so." 41 Corpus Juris, 882, citing many cases; 19 R. C. L. 521. This language is used in the opinion of Seibert v. Minneapolis & St. L. R. Co., 52 Minn. 148, 53 N. W. 1134, 20 L. R. A. 535, 38 Am. St. Rep. 530, Chicago D. & V. Co. v. Fosdick, 106 U. S. 47, 27 L. Ed. 47; many other citations supporting this statement could be made.

■ It is also insisted that the bill fails to show that the trustee has failed to perform his duty, in that it fails to show that any of the bondholders, except complainant, requested a foreclosure. The allegations of the bill, as to satisfaction of the other bonds, are that this occurred prior to the filing of the bill. It avers maturity of the bonds by a failure to pay interest coupons for six months; a written demand by complainant to the trustee to foreclose, and that (at the time the bill was filed) there are no other outstanding bonds; that they have been taken up. It does not allege that such condition existed when the demand was made. The bill does not therefore show a neglect or refusal to act on the part of the trustee.

■ There is no averment in the bill that when the demand was made complainant owned a majority of all of the outstanding

bonds. The averment of payment of all other bonds is made as of some indefinite date preceding that of filing the bill. *When* such other indebtedness was paid is not shown. So that, when the trustee was called upon by complainant owning $1,000 of the $10,000, there may have been outstanding the entire indebtedness so far as the allegations of the bill show. All presumptions are taken against the pleader.

We will not here determine whether, if all the other indebtedness had been paid when the demand was made, the trustee should have been informed of that fact, if he did not already know it. There is no demurrer on that ground, though counsel argue the point in brief. The duty to act must be called into being by a majority of the bondholders. There is no provision in the deed of trust that the bonds be certified, or any record of them, or of their satisfaction, be kept by the trustee. Is he charged with the duty to know when they or some of them are paid? No ground of demurrer goes to this point. But the demurrer does make the point that the bill fails to show that a majority of the bondholders united in the demand. We sustain the ruling of the trial court in holding the demurrer good on this ground, in that the bill does not show that all the other bonds had been paid when the demand was made, and therefore it is not shown that any duty of the trustee was called into being, a failure to perform which is a condition to the right of complainant to file this bill.

Our conclusion is that the bill was subject to the ground of demurrer above noted. The decree of the circuit court sustaining the demurrer is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.