(121 So. 54)

**CLOVERDALE COTTON MILLS et al. v. ALABAMA NAT. BANK.**

(3 Div. 868.)

Supreme Court of Alabama. March 21, 1929.

Ball & Ball, of Montgomery, for Slocum & Co.

Steiner, Crum & Weil, of Montgomery, for appellee.

GARDNER, J. The appeal is from a decree overruling demurrers interposed to the bill filed by the Alabama National Bank, as trustee, for the foreclosure of the mortgage on the cotton mill plant of the Cloverdale Cotton Mills, and for appointment of a receiver to preserve and protect the property.

█ █ It is first objected that the bonds, for the issuance of which the trust deed was executed, were pledged to creditors as collateral security only, and that foreclosure for their ·benefit was therefore unauthorized, and that the collateral so pledged should first be foreclosed. The Cloverdale Cotton Mills had a right to pledge these bonds as collateral security for pre-existing debts. Lehman Bros. v. Tallassee Mfg. Co., 64 Ala. 567. Bona fide holders of such bonds as collateral are entitled to demand payment of coupons falling due before maturity of the debts which the bonds were given to secure. 9 C. J. 64; 31 Cyc. 885. See, also, Keeble v. Jones, 187 Ala. 207, 65 So. 384; Owings Lumber Co. v. Marlowe, 200 Ala. 568, 76 So. 926, L. R. A. 1918E, 155; First Nat. Bank v. Morgan, 213 Ala. 125, 104 So. 403; People's Trust Co. v. Mt. Waldo Granite Works, 117 Me. 507, 105 A. 114.

█ It appears that the quarterly and semiannual interest · on the notes secured by pledge of the bonds were past due, and that · the several interest coupons attached to the bonds maturing prior to and on February 1, 1928, had not been paid when the bill was filed. The bill details the obstacles in the way of a successful operation of the plant or in fact any operation of it at all: Such as dissension among the stockholders, inability to procure sufficient financial aid, suits at law for recovery of sums due, and also to recover possession of personalty sold as to which title was retained—all resulting in idleness of the plant with exposure to danger of fire and deterioration. Although the interest coupons were past due more than 60 days before the bill was filed, it is insisted that default as to the principal bonds had not been sufficiently shown, as no demand in writing appears to have been made, and that therefore the terms of the trust deed as to such default had not been complied with. The general rule is of course recognized that for foreclosure for default the terms of the deed of trust should be followed. Tarver v. Union Springs Cotton Mills, 218 Ala. 555, 119 So. 665. But it is likewise well settled that the law does not require the performance of a vain and useless act. Root v. Johnson, 99

Ala. 90, 10 So. 293; Shaw v. Bill, 95 U. S. 10, 24 L. Ed. 333; 13 C. J. 661.

■ It is alleged that prior to the filing of the bill the president and manager of the Cloverdale Cotton Mills informed the bondholders as well as the trustee that said corporation could not pay, and had no funds with which to pay, any of the matured interest coupons attached to the bonds, or the quarterly or semiannual interest on the notes, to secure which the bonds were pledged as collateral; and, further, that said corporation would be unable to procure the funds to pay the notes pursuant to its agreement made at the time the noteholders agreed to extension of payment of the indebtedness, and that its agreement could not be complied with; that "said Cloverdale Cotton Mills was then unable to pay said notes and would be unable to pay them on or before maturity.".

■ We are therefore of the opinion that the bill sufficiently discloses that a formal demand in writing would have been entirely useless, and the failure to make such demand does not destroy the right of the trustee to proceed as for a foreclosure of the mortgage. Moreover, the bill in detail shows that, through dissension among the stockholders and financial difficulties, the corporation had ceased to function as a going concern, and was exposed to the hazards of fire and deterioration, and that its assets on sale would not realize sufficient sum to pay its indebtedness. The bill makes a case for the appointment of a receiver for the preservation of the property for the benefit of the bondholders and the trustee, for such purpose and under such circumstances, as has been held not limited to the provisions of the deed of trust. N. Y. Trust Co. v. Mich. Tract. Co. (D. C.) 193 F. 175; Guardian Trust Co. v. White Cliffs Portland Cement Co. (C. C.) 109 F. 523; Farmers' Loan & Trust Co. v. Meridian Waterworks Co. (C. C.) 139 F. 661; Rose v. Bevan, 10 Md. 466, 69 Am. Dec. 170. The demurrer of the Cloverdale Cotton Mills was properly overruled.

■ It appears from the bill that certain looms and machinery sold by Slocum & Co. to the mill company were sold to take the place of other looms and machinery in the mill which were subject to the mortgage. Slocum & Co. retained title to this material so sold, but under the terms of the trust deed the same became subject to the lien thereof. Slocum & Co. brought suit in detinue for the recovery of said looms and machinery, and were made parties to this proceeding to preserve the plant as a whole, and also to subject the equity of the mill company in the property to the extent of the amount of money alleged to have been expended by it in providing necessary attachment and equipments, freight, and other charges. The bill offers to pay Slocum & Co. whatever amount may be found due by the court if it is determined that they are entitled to a prior claim to the property. The bill shows Slocum & Co. were stockholders and had notice of the purpose and effect of said sale. The looms and machinery now installed constitute a part of the necessary equipment of the plant, and it is clear that the preservation of the plant as a whole and as capable of operation when finances are available is desirable for all concerned. In view of the equities asserted, as to this property, we are of the opinion Slocum & Co. were properly made parties to the bill that the interests of all parties thereto might be determined. There was no error in overruling the demurrer of Slocum & Co. McQuagge Bros. v. Thrower, 214 Ala. 582, 108 So. 450.

We find no error in the decree rendered, and it will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.