165 So. 827

SILVERSTEIN et al. v. FIRST NAT. BANK OF BIRMINGHAM.

6 Div. 824.

Supreme Court of Alabama.

Jan. 16, 1936.

Rehearing Denied March 5, 1936.

William S. Pritchard, of Birmingham, for appellants.

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellee.

FOSTER, Justice.

This is a bill filed in equity, and was amended, and to it as finally amended demurrers were overruled, and an appeal now taken by respondents. It is sought to foreclose a mortgage, to have a deficiency decree entered, if there is such deficiency, and that certain transfers of property be set aside as fraudulent and be subject to the deficiency indebtedness.

The mortgage was made to the city of Birmingham as sole trustee under the last will and testament of Sallie E. Jackson, deceased. The habendum clause extends to its successors also.

By amendment to the bill, it is alleged that the city of Birmingham was originally named as trustee under the terms of the last will and testament of Sallie E. Jackson, deceased, and that it qualified as such, and subsequently resigned in the circuit court of Jefferson county, that the resignation was accepted, and thereupon that court appointed the First National Bank of Birmingham, this complainant, as successor trustee under said will, and that the bank qualified as such, and is now so acting. It does not allege the names of the beneficiaries in the trust, nor are they made parties, and it does not set out any of the qualities of the trust or duties or authority of the trustee. The points here made are: (1) That the names of the beneficiaries are not disclosed in the bill; (2) that it does not show the nature and terms of the trust; and (3) that it does not sufficiently describe the property sought to be held to have been fraudulently conveyed. We will consider only those which are thus stated.

The first point argued here is that the bill does not name the beneficiaries of the trust, not that they are not made parties. This will be treated in connection with other points argued by counsel.

■ The second point argued is that it does not show enough of the trust agreement to determine from the bill whether complainant is only a naked trustee, and therefore that the title and rights under the mortgage did not vest in the beneficiaries. Section 6912, Code; Prince v. Prince, 162 Ala. 114, 49 So. 873; Roman, Trustee, v. Long Distance Tel. & Tel. Co., 147 Ala. 389, 41 So. 292; Sprague v. Tyson, 44 Ala. 338.

The bill alleges that the trust exists under the will of Sallie E. Jackson, deceased. That will is ineffective unless probated, and, when so, its terms are open to public inspection. So that the bill indirectly points to a public record where the names of the beneficiaries are necessarily stated. The bill shows that complainant filed the bill in a representative capacity, as trustee, and by what instrument the trust exists, and presumably that inspection of the instrument is available to defendants. The necessity to name the beneficiaries in the bill could exist for only one of two purposes, either to describe the trust or to show that they are not necessary parties.

We think the bill is sufficient to describe the capacity in which complainant sues. But, where there is a trustee, there must be beneficiaries, and often they must be parties, and, if so, they must be named in the bill.

■■ It is argued that on the authority of the cases and statute cited above the bill shows no active trust, and therefore

there arises the necessity of making the beneficiaries parties, since they thereby are the legal owners. But we have shown that the bill alleges that complainant as such trustee appointed by the circuit court of Jefferson county to act under the will of Sallie E. Jackson, deceased, promptly qualified and has ever since been acting as the successor in trust under said will. The complainant cannot act unless there are acts to be done. When the incidental question, therefore, is argued as remotely bearing upon the point that the bill does not name the beneficiaries, we think the reference in the bill shows an active trust, with enough certainty to overcome this indirect attack.

We now revert to the contention that, when a trustee files such a bill as this, the beneficiaries are necessary parties, though the trust is active. Beneficiaries are usually necessary parties in suits by the trustees. There are exceptions. One is that, if the suit is merely to recover property or collect a debt due the estate, and not also to distribute it in the same suit, but to enable the trustee thereafter to distribute it agreeably to the trust, and its recovery then sought in no wise affects the relations between the trustee and beneficiaries, the latter are not necessary parties. Carey v. Brown, 92 U.S. 171, 23 L.Ed. 469; Braley v. Spragins, 221 Ala. 150, 128 So. 149, 150; Griffith v. Rudisill, 141 Ala. 200, 37 So. 83; King v. Seals, 45 Ala. 415.

■ Another principle is that, when a suit in equity involves the title to real estate, begun by a trustee, it is necessary for the beneficiaries to be made parties, though the trustee has the legal title, "unless there be something special in the terms of the trust which confers upon the trustee the power and duty to represent, in courts of equity, the beneficial interest; unless a power of attorney so to speak is conferred upon him to represent those interests."

■ The general rule in equity concerning property rights is that all persons having legal or equitable rights must be made parties. This is upon the idea that in equity the entire controversy should be settled so as to bind all interested persons. When the equity court sells property, the purchaser should get a title unaffected by superior claims, legal or equitable. Sprague v. Tyson, 44 Ala. 338; Lebeck v. Ft. Payne Bank, 115 Ala. 447, 453, 22 So. 75, 77, 67 Am.St.Rep. 51; Town of Carbon Hill v. Marks, 204 Ala. 622, 86 So.

903; Chattanooga Savings Bank v. Crawford, 206 Ala. 530, 91 So. 316; Pollock v. Pope, 209 Ala. 195, 95 So. 894; Huddleston v. Fuller, 229 Ala. 74, 155 So. 556; Hodge v. Joy, 207 Ala. 198, 92 So. 171.

■ In this connection, we note that, when a trustee in a deed of trust to secure bonds is authorized by that instrument to do so, he may foreclose by bill in equity, and the beneficiaries holding the bonds thus secured are not necessary parties. 41 Corpus Juris, 882; Birmingham Trust & Savings Co. v. Marx, 230 Ala. 68, 159 So. 483; Tarver v. Union Springs Cotton Mills, 218 Ala. 555, 119 So. 665; Busch v. City Trust Co., 101 Fla. 392, 134 So. 226.

There is under such circumstances conferred on the trustee the power and duty to represent the beneficiaries in such a suit, with the legal title represented by him and therefore under the jurisdiction of the court. Such power is likewise conferred by the mortgage here in question. And the trustee is seeking to collect a debt to bring the funds under his power as such, under the will which prescribes his duties in trust.

We have several statutes conferring the power to sue upon trustees, but they apply only to actions at law. Sections 5689, 5707, Code; Kelen v. Brewer, 221 Ala. 445, 129 So. 23; Ex parte Kelen, 223 Ala. 87, 134 So. 856.

A different rule applies in equity. If the purpose is to secure their property rights in equity, persons of unsound mind and minors as well as adults, must be made parties. Sections 5686 and 6519, Code; Upshaw v. Eubank, 227 Ala. 653, 151 So. 837; Wallace v. Montgomery, 226 Ala. 25, 145 So. 419; West v. West, 90 Ala. 458, 7 So. 830; Blackman v. Davis, 42 Ala. 184.

The rule requiring them to be parties is upon the theory that the property is owned by them, and such ownership must be before the court. But this principle has no application to a deed of trust or a mortgage to a trustee, with power to act for them. Under such circumstances they have no more right to be in court than if they were sui juris. The title is not in them, and the purpose is to collect a debt and enforce a lien as security so as to bring the fund within the administration of the trust.

This situation is not similar to a suit by an executor or administrator foreclosing

in equity a mortgage of real estate given to his decedent when in life. It has been held that, since the mortgage conveyed the legal title to the mortgagee, when he died, his title descended to his heirs at law, who must be parties to such a suit by the administrator, so that the legal title may be subject to the orders of the court. Huggins v. Hall, 10 Ala. 283; Thompson v. Campbell, 57 Ala. 183, 190; Welsh v. Phillips, 54 Ala. 309, 315, 25 Am.Rep. 679. On that principle also the case of Comer v. Bray, 83 Ala. 217, 3 So. 554, was decided on a little different state of facts. But the case of King v. Seals, 45 Ala. 415, seems to cast some doubt upon the necessity of making the heirs parties to such a suit.

Those cases relate to the absence of the legal title before the court. The mortgage was to the trustee in the instant suit, and the legal title was thereby conveyed to him—the predecessor in trust of this complainant, who is alleged to have been appointed successor in trust by the circuit court of Jefferson county, on the resignation of the city of Birmingham as such. That court is one of general jurisdiction in trust matters. Tilley v. Letcher, 203 Ala. 277, 82 So. 527; Whitehead v. Whitehead, 142 Ala. 163, 165, 37 So. 929; 65 Corpus Juris, 584, § 372; Blakeney v. Du Bose, 167 Ala. 627, 52 So. 746.

An exercise of the power of that court to appoint a trustee when one is vacant is not dependent upon sections 10434 and 10436, nor limited by sections 10441, 10446, Code, which confer the right on the register also. When the court makes the appointment, we will presume that its jurisdiction was duly invoked. When a trustee dies and a successor is duly appointed, he succeeds to the title, rights, and powers conferred by the instrument creating the trust, since they are annexed to the office and not the person of the trustee, except to the extent that they are discretionary and founded upon personal confidence in the designated trustee: even then, it will not fail in all instances for want of a trustee, but equity will apply its principles so as to effectuate the purposes of trust. Section 6920, Code; Tilley v. Letcher, supra; Reese v. Ivey, 162 Ala. 448, 50 So. 223; Gaines v. Dahlin, 228 Ala. 484, 154 So. 101; McDonald v. McDonald, 92 Ala. 537, 9 So. 195; Allison v. Little, 85 Ala.

512, 518, 5 So. 221; Doe ex dem. Gosson v. Ladd, 77 Ala. 223; Busbee v. Thomas, 175 Ala. 423 (9), 57 So. 587; Whitehead v. Whitehead, supra; Read v. Rowan, 107 Ala. 366, 18 So. 211; McDougald's Adm'r v. Carey, 38 Ala. 320.

We therefore agree with the trial court that the demurrer to the bill on those grounds was not well taken.

The next and last point argued is based upon a ground of demurrer that the property alleged to have been fraudulently conveyed is not sufficiently described. That question is controlled by our recent cases of Hartzog v. Andalusia National Bank, 222 Ala. 170, 131 So. 433; Watson v. Watson, 164 So. 736.[1] The demurrer on that ground was as there held not well taken, since the bill as amended alleges that complainant does not know the description, and has been unable to ascertain it, but that it is peculiarly known to defendant. We think that is sufficient to come within the principle of those cases, since the demurrer does not point out the absence of a discovery as a necessary feature of the bill when so framed. When those allegations are made, the bill should seek a discovery from the defendants of the unknown description.

There is no error, we think, in respect to the matters we have discussed. Since no other questions are here argued, the decree is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

