HENRY SEIBERT *vs.* MINNEAPOLIS & ST. LOUIS RY. Co. *et al.* (GRIGGS, Intervener.)

Argued Nov. 14, 1892.  Decided Jan. 6, 1893.

**Defendant may Demur to an Intervener's Complaint.**

A complaint in intervention by an individual bondholder, in a suit by a trustee to foreclose a certain mortgage executed by the defendant railway company, and in which other mortgagees are made defendants, set forth, in separate portions thereof, the facts under which he claims the right to have several mortgages securing his bonds foreclosed in this action. *Held*, that a mortgagee defendant might demur to the separate portion of the complaint relating to his mortgage, though the demand for relief was not fully stated therein.

**If Trustee Neglect, then any Bondholder may Bring Action to Foreclose.**

A mortgagee who is trustee, holding title to the security for all the bondholders as beneficiaries, is the proper party to institute foreclosure proceedings, but in case of unreasonable neglect, or a refusal to discharge his duty, any bondholder may bring an action to enforce the security for the common benefit.

**But a Stipulation Limiting this Right of Bondholder is Valid.**

But it is competent for the bondholders to agree among themselves upon what conditions this right may be exercised by an individual bondholder; and a provision in the mortgage that no proceedings in law or equity shall be taken by any bondholder secured thereby, to foreclose the equity of redemption independently of the trustee, until after the refusal of the trustee to comply with a requisition first made upon him by the holders of a certain percentage of the bonds secured by such mortgage, is reasonable and valid.

**Such Stipulation, how Construed.**

> Such provisions are to be deemed *stricti juris*, but are to be reasonably construed in view of the nature of the security, and the interest of the bondholders as a class.

**It does not Divest the Bondholder of his Right to Judicial Remedy.**

> It is not the purpose or effect of such a stipulation to divest the bondholders of their right to judicial remedies, or to oust the courts of their jurisdiction, but it is merely the imposition of certain conditions upon themselves in respect to the exercise of that right.

Appeal by intervener, F. H. Griggs, from an order of the District Court of Hennepin County, *Lochren, J.*, made August 8, 1892, sustaining the demurrers of the defendants, the Central Trust Company of New York, the Fidelity Insurance Trust & Safe-Deposit Company and the Farmers' Loan & Trust Company, to his complaint in intervention.

The Minneapolis & St. Louis Railway Company mortgaged its railroad to the Central Trust Company of New York as trustee to secure the payment of certain bonds issued by it. The plaintiff, Henry Seibert, was afterwards substituted as trustee in its place. He brought this action to foreclose the mortgage, making a great number of parties defendants.

There were several prior mortgages on the railroad made to secure certain other bonds. F. H. Griggs became the owner of a number of the bonds secured by these prior mortgages and filed in the action his complaint in intervention, asking that these prior mortgages be also foreclosed in this action.

The defendants, the Central Trust Company of New York, the Fidelity Insurance Trust & Safe-Deposit Company and the Farmers' Loan & Trust Company, severally demurred to this complaint in intervention on the ground that it did not state facts sufficient to constitute a cause of action, or a ground for intervention in the action. This demurrer was sustained in the trial court and the intervener appeals.

*Cook & Dodge* and *Akers & Lancaster*, for appellant.

In the absence of the provisions of Art. IX of the mortgage, intervener would have an undoubted right to a foreclosure for his own

and others' benefit. *Chicago & Vincennes R. Co.* v. *Fosdick,* 106 U. S. 47; *McFadden* v. *Mays Landing & E. H. C. R. Co.,* 49 N. J. Eq. 176; *Cleveland* v. *Booth,* 43 Minn. 16; *Farmers' L. & T. Co.* v. *Chicago & A. Ry. Co.,* 27 Fed. Rep. 146; Jones, Corp. Bonds and Mortg. (2d Ed.) § 385. This Art. IX of the mortgage is null and void, and does not in any way affect the rights of the holders of delinquent bonds to a remedy in the laws for the collection and enforcement of their debts. *Guaranty Trust Co.* v. *Green Cove R. Co.,* 139 U. S. 137; *Hope* v. *International Financial Society,* 4 Ch. D. 327; *Hollister* v. *Stewart,* 111 N. Y. 644; *Nute* v. *Hamilton Mut. Ins. Co.,* 6 Gray, 174.

*Butler, Stillman & Hubbard* and *Warner, Richardson & Lawrence,* for respondent Central Trust Co. of New York.

*Woods & Kingman* and *Keith, Evans, Thompson & Fairchild,* for Fidelity Insurance Trust & Safe-Deposit Co.

*Truesdale & Pierce,* for Farmers' Loan & Trust Co.

The intervener cannot foreclose the mortgages in this suit because by the mortgage it is agreed that the bondholder shall not proceed independently of his trustee, except under certain circumstances which amount to a condition precedent, and the intervener does not show the performance of that condition nor the existence of any facts which might relieve him from its performance. Intervener seeks to avoid this agreement on the ground that it is an attempt to make a contract to oust the courts of jurisdiction, and is, therefore, contrary to public policy and of no effect whatsoever. He admits that if the contract is valid the demurrer was properly sustained. Courts pronounce contracts void for reasons of public policy only with the greatest hesitation.

In view of the number and character of the persons into whose hands the bonds were likely to go, it was deemed necessary to provide that no individual bondholder should have the power to foreclose the mortgages until twenty-five per centum of the bondholders deemed it best, and the trustees refused to act, after their requisition. Each bondholder was willing to advance his money with the under-

standing that the arrangement was a kind of partnership, and that an individual bondholder could not act independently for a foreclosure. *Shaw* v. *Railroad Co.*, 100 U. S. 605; *Gilfillan* v. *Union Canal Co.*, 109 U. S. 401; *Canada Southern Ry. Co.* v. *Gebhard*, 109 U. S. 527; *Gates* v. *Railroad Co.*, 53 Conn. 333.

The bondholder may obtain a judgment at law upon his bond when his interest is due. The only restriction that is put upon him is, that he must collect that judgment out of property other than that covered by the mortgage. His levy is stopped in one direction only, and that is from the mortgaged property, in which all his co-bondholders are equally interested. This clause was inserted for the purpose of protecting that property from the individual attack of wreckers, to the end that the interests of the bondholders as a class might not be wantonly injured. *Manning* v. *Norfolk Southern R. Co.*, 29 Fed. Rep. 838; *Montgomery Co. Agr. Soc.* v. *Francis*, 103 Pa. St. 378; *Guilford* v. *Minneapolis, S. Ste. M. & A. Ry. Co.*, 48 Minn. 560; *Horton* v. *Sayer*, 4 H. & N. 642; *Alexander* v. *Central R. Co.*, 3 Dill. 487; *Chicago & Vincennes R. Co.* v. *Fosdick*, 106 U. S. 47; *Mason* v. *New York & C. R. Co.*, 52 Me. 82.

If any bondholder is prevented by the fraud of the trustee, the mortgagor or another bondholder, from obtaining the necessary requisition, or if the trustee is acting fraudulently and to his injury in delaying foreclosure, the court will grant relief, and remedy the evil upon a proper showing. *Gasser* v. *Sun Fire Office*, 42 Minn. 315; *St. Paul & N. P. Ry. Co.* v. *Bradbury*, 42 Minn. 222; *President D. & H. Canal Co.* v. *Pennsylvania Coal Co.*, 50 N. Y. 250; *Perkins* v. *United States Electric Light Co.*, 16 Fed. Rep. 513; *Powers Dry Goods Co.* v. *Imperial Fire Ins. Co.*, 48 Minn. 380; *Pennock* v. *Coe*, 23 How. 117; *Fish* v. *New York Water-Proof Paper Co.*, 29 N. J. Eq. 16.

In a case where the mortgage does not contain such restricting clauses the bondholder may act when the trustee refuses, and this rule is applicable in all trusts. *Coal Co.* v. *Blatchford*, 11 Wall. 172; *Davies* v. *New York Concert Co.*, 41 Hun, 492; *Weetjen* v. *St. Paul & P. R. Co.*, 4 Hun, 529; *Memphis City* v. *Dean*, 8 Wall. 64; *Greaves* v. *Gouge*, 69 N. Y. 154; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52.

VANDERBURGH, J.    This suit is brought to foreclose a certain mortgage executed by defendant railway company to the Central Trust Company, which Trust Company has been superseded by the appointment of the plaintiff, Henry Seibert, as trustee in its place.    The defendants Farmers' Loan & Trust Company and Central Trust Company are named as trustees in other mortgages executed by the railway company.

The intervener, F. H. Griggs, is the owner of bonds secured by the mortgages executed to the last-named trustees in trust to secure the bondholders holding bonds issued thereunder.    In the first three paragraphs of the complaint in intervention reference is made to its bonds secured by the mortgage held by the Farmers' Loan & Trust Company as trustee, and therein is set forth the facts upon which the intervener bases his claim for relief, by way of the foreclosure of that mortgage, on his application and for the benefit of himself and other bondholders.    The remainder of his complaint presents the facts upon which he bases a similar claim in respect to his bonds secured by other mortgages executed to the Central Trust Company.

1. The defendant Farmers' Loan & Trust Company demurs to that portion of the intervener's complaint included in the three paragraphs referred to, as containing the plaintiff's cause of action against it.    As this portion of the complaint embraces a statement of all the facts upon which the intervener claims relief against it, we think that the objection that the demurrer is bad, because taken to a part of the complaint only, is not well taken.    The court can determine from the issue thus made whether or not the intervener is entitled to any relief against the defendant upon the facts stated.

The intervener alleges:    "That in the mortgage or deed of trust executed by the Minneapolis & St. Louis Railway Company to the Farmers' Loan & Trust Company, bearing date the 1st day of February, 1877, and securing the twenty-one bonds, and the coupons therefrom, held and owned by intervener, as particularly described in the first division of this intervener's complaint, it is provided, among other things, in article six thereof, as follows:    'In case default shall be made in the payment of any of the said coupons, or semiannual interest upon any of the aforesaid bonds, at the time and

in the manner in the coupons issued therewith, provided the said coupon has been presented, and the payment of the interest therein specified has been demanded, and in case such default shall continue for the period of four months *after the said coupons shall have become due and payable,* then and thereupon the principal of all the bonds secured hereby shall become immediately due and payable, anything contained in the said bonds to the contrary notwithstanding.'"

Intervener avers that all of his said described coupons from the bonds in this division referred to have been presented for payment at the agency of the said Minneapolis & St. Louis Railway Company in the city of New York, and the payment of the interest therein specified has been demanded, and payment was refused; and all the said coupons have also been presented for payment to the acting treasurer of said Minneapolis & St. Louis Railway Company, at the city of Minneapolis, Minn., and the payment of the interest specified was demanded, and payment was refused, and default has been made in the payment of all the described coupons from said bonds. He also alleges that, excepting as to the several coupons aforesaid which became due and payable on the 1st day of December, 1891, such default as to the payment of all said coupons has continued for the period of more than four months from the several dates when they severally became due and payable; wherefore intervener avers that the principal of all the bonds secured by said mortgage or deed of trust in the division referred to has become due and payable and all the bonds secured by the said mortgage are now due and payable; that by article nine of said mortgage it is provided—

"That it shall be the duty of the trustee, upon proper indemnification against costs and expenses, to execute the power of entry or the power of sale by said mortgage granted, or both, to take appropriate proceedings in equity or at law to enforce the rights of the bondholders, in case of any default made by the mortgagee, upon requisition in writing as thereinafter specified, viz.:

"*First.* If the default be as to either the interest or the principal of any of the bonds aforesaid, such requisition upon the said trustee shall be by holders of not less than twenty-five per centum of the

said bonds then outstanding; and upon such requisition and indemnification it shall be the duty of the trustee to enforce the rights of the bondholders under these presents by entry, sale, or legal proceedings, as it, being advised by counsel learned in the law, shall deem most expedient for the interest of all the holders of the said bonds.

"*Second.* But it is expressly understood that such duty of the trustee shall be at all times subject to the power hereby declared of a majority in interest of the holders of the said bonds by requisition in writing, signed by such majority, to instruct the said trustee to waive such default: provided, however, that no action of the bondholders in waiving such default shall extend or be taken to affect any subsequent default, or to impair the results arising therefrom.

"And it is hereby further expressly agreed and made binding upon each and every holder of bonds secured hereby that no proceedings at law or in equity shall be taken by any bondholder to foreclose the equity of redemption under this instrument, or to procure a sale of the property covered thereby, independently of the party of the second part, trustee, or its successors in said trust, except after a requisition shall have been made to the said trustee in manner and form as hereinbefore provided, and also until after a refusal of the said trustee to comply with such requisition according to the provisions herein made in respect thereto."

Intervener submits and claims that the said provisions of article nine of said last-described mortgage are void, in so far as they attempt to deprive the holder of any of the bonds which may have become due by default in payment of the interest coupons, or the holders of any of the past-due coupons, from enforcing the remedy whereby he might have his lien established upon the mortgaged property without the requisition of the holders of not less than twenty-five *per centum* of the said bonds then outstanding; that said provisions are in fact an attempt to oust the jurisdiction of any court to entertain a complaint by, or give relief to, the holders of less than twenty-five *per centum* of the outstanding bonds.

The principal question involved in this appeal, therefore, is whether the provisions of article nine above quoted, restraining proceed-

ings for foreclosure on the part of individual bondholders until after the requisition made upon the trustees by a certain proportion of the bondholders as therein provided, and a refusal by him to comply therewith, is valid and obligatory upon the individual bondholders as respects the enforcement of the security.

We are unable to see why the bondholders, subject to reasonable limitations, may not be bound by stipulations in the mortgage of this character, waiving a default, and providing, subject to the conditions named, for the foreclosure by the trustee exclusively. The interests of the bondholders as a class and the nature of the security are to be considered. "They are agreements which the bondholders are at liberty to make, and there is nothing illegal or contrary to public policy in them." *Chicago & V R. Co.* v. *Fosdick,* 106 U. S. 47, 77, (1 Sup. Ct. Rep. 10.) Each bondholder enters into contract relations with each and all of his cobondholders. His right to appropriate the security in satisfaction of his bond in such lawful manner as he may choose is modified not only by the express provisions of the mortgage, but by the peculiar nature of the security. *Gates* v. *Railroad Co.,* 53 Conn. 346, (5 Atl. Rep. 695;) *Shaw* v. *Railroad Co.,* 100 U. S. 605, 612; *Canada Southern R. Co.* v. *Gebhard,* 109 U. S. 534–537, (3 Sup. Ct. Rep. 363;) *Guilford* v. *Minneapolis, S. Ste. M. & A. Ry. Co.,* 48 Minn. 560, (51 N. W. Rep. 658.) The legislature would have had an undoubted right to have incorporated, in the enabling statute authorizing the execution of the mortgage and the issuance of the bonds secured thereby, a provision requiring the mortgage to contain similar stipulations. *Howell* v. *Western Railroad Co.,* 94 U. S. 463–466.

It is clear, then, that it would be competent for the bondholders themselves to agree to them. They are to be treated as *stricti juris,* but nevertheless are to be reasonably construed in view of the nature of the mortgage, which is the common security for all the bondholders, and the purposes to be subserved in making them. There is no doubt that the parties could lawfully provide in the same instrument for a reasonable extension of the time for the commencement of foreclosure proceedings, to be determined at the option of a majority of the bondholders. *Nute* v. *Hamilton Mut. Ins. Co.,* 6 Gray,

174. But the waiver of the default provided for in this instance amounts substantially to the same thing. So the mortgage might have been so drawn as to permit foreclosure proceedings to be instituted only after default in the payment of the principal debt or some part of it. The stipulation for the waiver of the default in the payment of interest is in principle no different.

Again, the trustee, as mortgagee, representing the interests of all the bondholders as beneficiaries, is the proper party to institute foreclosure proceedings, but, if he unreasonably neglects or refuses to discharge his duty in the premises, doubtless any bondholder may bring an action to enforce the security for the common benefit. *Chicago & V. R. Co.* v. *Fosdick,* 106 U. S. 68, (1 Sup. Ct. Rep. 10.) Why may not the mortgage in the common interest stipulate the conditions under which this right may be exercised by the bondholders, and, in order to avoid the risk of rash or arbitrary proceedings which might result in great injury to the security, provide that no such proceedings should be instituted by an individual bondholder except upon the refusal of the trustee to obey the requisition of a reasonable number of the bondholders? It is not the intention or effect of such conditions or stipulations to divest the bondholders of their right to judicial remedies, or to oust the courts of their jurisdiction; it is merely the imposition of certain conditions upon themselves in respect to the exercise of that right. And this distinction is well recognized by the courts. *Gasser* v. *Sun Fire Office,* 42 Minn. 315, (44 N. W. Rep. 252,) and cases; *Guilford* v. *Minneapolis, S. Ste. M. & A. Ry. Co.,* 48 Minn. 560, (51 N. W. Rep. 658.) The provisions of this mortgage are not, we think, unreasonable or invalid.

It is suggested that the trustees in the several mortgages have no right to raise this question, but we think the provisions in question were intended for the benefit of the bondholders as well as the mortgagor, and therefore the trustees, who, we may assume, represent the majority of the bondholders, are entitled to object to the relief sought by the defendant, on the ground that it is contrary to the stipulations in the mortgage above referred to. It is also urged that the Central Trust Company, which is trustee in several mortgages, cannot properly act for the interests of the various bondholders

which are conflicting. However this may be, we fail to see how that fact can affect the question raised by the demurrer, because, if the provisions of the mortgage we have been considering are valid, the intervener has no standing in court to have the mortgages foreclosed.

Orders affirmed.

(Opinion published 53 N. W. Rep. 1134.)