JOHN E. ERICKSON, for plaintiff in error.

BAKER & HOLDER, for defendant in error; W. W. HOOVER, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 131*—*when payment to agent does not bind principal.* Evidence of payments to an agent is inadmissible where the agent's authority to receive payments is not shown.

2. SALES, § 401*—*when damages for breach of warranty are not shown.* In an action for goods sold and delivered, where no actual damages are shown by reason of defective and unfit material, such defense is not established.

---

H. D. Kellogg, Defendant in Error, v. Interstate Independent Telephone & Telegraph Company, Plaintiff in Error.

Gen. No. 20,140.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed December 22, 1914.

## Statement of the Case.

Action by H. D. Kellogg against Interstate Independent Telephone & Telegraph Company, a corporation, on four coupons issued by defendant in accordance with the provisions of a deed of trust or mortgage given to secure the same.

A motion to strike defendant's affidavit of merits was granted, and when the defendant elected to stand by

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

its affidavit an order of default was entered, and after hearing evidence the damages were assessed at one hundred dollars, and judgment was entered therefor. To reverse such judgment, defendant brought error.

FRED A. DOLPH and WILLIAM H. GALLAGHER, for plaintiff in error.

CAVENDER, KAISER & WERMUTH, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. MORTGAGES, § 390*—*when action on coupons may be maintained.* In an action on coupons issued in accordance with a deed of trust or mortgage, where the statement of claim for the plaintiff was filed on two coupons, and the defendant filed an affidavit of merits that the trust deed prohibited proceedings by bondholders independently of the trustee, and the plaintiff moved to strike the affidavit of merits from the files, and pending a decision of the motion filed an amended statement of claim covering two additional coupons, whereupon the motion to strike was granted, and defendant electing to stand by its affidavit damages were assessed on default, there was no reversible error in the proceedings.

2. MORTGAGES, § 407*—*what defenses are available in action on coupons.* In an action on coupons issued in accordance with a deed of trust or mortgage, an affidavit of merits setting up the defense that the trust deed prohibits proceedings by bondholders independently of the trustee is properly stricken.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.