SECOND DISTRICT—AUGUST, 1916.        509

Romberg v. Int. Ind. Tel. & Teleg. Co., 200 Ill. App. 509.

Edwin Romberg, Appellee, v. Interstate Independent Telephone & Telegraph Company, Appellant.

Gen. Nos. 6,283, 6,284.

H. D. Kellogg, Appellee, v. Interstate Independent Telephone & Telegraph Company, Appellant.

Gen. No. 6,285.

BONDS, § 25*—*when holder of interest coupons secured by trust deed has right of action.* A trust deed securing bonds and interest coupons, *held* neither expressly nor impliedly to deprive the holder of coupons of a right to bring an action thereon at common law.

Appeal from the Circuit Court of Kane county, as to Gen. No. 6,285, and County Court of Kane county, as to Gen. Nos. 6,283, 6,284; the Hon. MAZINNI SLUSSER, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed August 10, 1916.

FRED A. DOLPH, WILLIAM H. GALLAGHER and R. HAROLD O'CONNOR, for appellant; E. J. MARSHALL, of counsel.

ALSCHULER, PUTNAM & JAMES, for appellee Romberg.

ROBERT G. EARLEY and WENTWORTH, CAVENDER & KAISER, for appellee Kellogg.

MR. JUSTICE CARNES delivered the opinion of the court.

The three cases above entitled were each begun in a justice of the peace court to recover on interest coupons attached to bonds issued by the appellant. Each tried on appeal in the court above indicated resulting in a judgment for the amount claimed, and appeal to this court. The same questions are involved, the same

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

510     APPELLATE COURTS OF ILLINOIS.

Romberg v. Int. Ind. Tel. & Teleg. Co., 200 Ill. App. 509.

briefs and arguments are printed and filed in each case. Each of the first two cases was for eight coupons, on which judgment was entered for $200. The third is on two coupons, on which judgment was entered for $51.86. Appellant says:

"The question involved in all of the cases is the right of an individual coupon holder to bring an independent action at law without reference to the rights of his co-bondholders or without notice to the trustee in the trust deed securing the bonds, where the trust deed conveys all property of the corporation of every kind in trust for the equal and pro rata security of all bonds without preference or priority and where the trust deed specifically vests all right of action in the trustee."

Which question we would answer in the negative if it were true that the trust deed specifically vested all right of action on the coupons exclusively in the trustee. The coupons were the usual form, and were attached to bonds secured by a trust deed covering all the property of appellant. A large part of appellant's brief is devoted to the propositions that the coupons, bonds and trust deed are all to be taken as a part of the same contract; that the holders of the coupons are charged with notice of and are bound by all the restrictions contained in the trust deed, and while not denying the right of these holders of coupons to bring these actions thereon in the absence of any restraining provision in the trust deed, appellant insists that there are such restrictions in that instrument contained precluding these actions by the plaintiffs, and cites many cases in support of its contention that the holder of coupons cannot maintain an action at law thereon in violation of stipulations in the trust deed securing the bonds to which they were attached forbidding such action. *Belleville Sav. Bank v. Southern Coal & Mining Co.*, 173 Ill. App. 250, and *Boley v. Lake St. El. R. Co.*, 64 Ill. App. 305, are cited and much relied on to sup-

port that position. It is assumed that those cases, if accepted as authority, control the decision here. In the *Belleville Savings Bank* case, *supra,* there was an expressed provision in the trust deed: "That no holder of any *bonds* or *coupons* should have the right to institute any action at law upon any *coupon,* or institute any suit or proceedings in equity, or otherwise, under said instrument except in case of refusal on the part of the trustee," etc. In the *Boley* case, *supra,* the trust deed provided that: "Under no circumstances shall the holder of any bonds or coupons, or any number of such holders, have any right to institute any action at law upon any *coupon* or *coupons,* or otherwise, or any suit or proceedings in equity or otherwise, under this indenture, for the purpose of enforcing any payment, covenant or remedy herein, or in said bonds contained, * * * except in case of refusal on the part of the trustees," etc. In those two cases these restrictions were held binding on the holder of coupons. But in the *Boley* case the court said on page 313: "Provisions of this kind are to be strictly construed," citing many authorities.

Appellees say they are willing to concede that their right of recovery depends upon whether or not there are any restrictions in the trust deed, which deprive them of their common-law right of action, and insist there are no such restrictions. Without further investigation or discussion, we will assume that the two above cited Appellate cases are good law, and discuss the question left by counsel for our consideration whether there are any such restrictions contained in the trust deed.

The parts of that instrument deemed by appellant material to this inquiry are as follows: It covers all the property of appellant wherever situated; recites that it is made "for the equal pro rata use, benefit and security" of all owners of bonds issued thereunder, "without preference or priority of one bond over an-

512     Appellate Courts of Illinois.

Romberg v. Int. Ind. Tel. & Teleg. Co., 200 Ill. App. 509.

other, by reason of priority in time of issue or negotiation thereof, or otherwise''; provides that in case of default in interest payment the holders of a majority in amount of the bonds may, by an instrument in writing, notify the trustee of such default and declare the principal and all said bonds due and payable and request the trustee to proceed under the trust deed ''for the collection of the principal and interest of said bonds''; that the trustee might forthwith demand and take possession of all the property conveyed, and as the attorney in fact or agent of appellant, or in his own name, as trustee, have, hold, use, manage, operate and enjoy the same, with other provisions as to method of management, and that the trustee shall apply the net income without preference, priority or distinction of one bond over another, ratably and equally to the payment of the principal and interest of said bond; that the trustee with or without entering into possession of said property, as aforesaid, ''may proceed to protect and enforce the rights of all of the said bondholders under these presents by appropriate suit or suits in equity or at law'' as it might be advised, with other provisions for a receiver, etc. It is provided: ''That no holder or holders of any of said bonds or coupons shall have the right to institute any proceedings of whatever character or kind for the foreclosure of this indenture, or the execution of the trusts hereof, or for the appointment of a receiver, or for any other remedy under this trust deed, without first giving notice in writing to the said trustee,'' etc. (No such notice was given.) Then follows provisions as to indemnity to be furnished the trustee, and manner of procedure; and further provided: ''That neither the said trustee nor the holder or holders of any of said bonds, or any of the said interest coupons intended to be hereby secured, shall institute any suit, action or proceeding for the foreclosure thereof, or for the appointment of a

receiver otherwise than upon the terms and conditions and in the manner herein provided.''

These are all the provisions relied on by appellant in support of its claim of stipulations in the trust deed barring these suits at law. There is nothing in the trust deed that expressly forbids the holders of coupons to bring actions at law thereon. We think the law is correctly stated in Jones Corporate Bonds, section 340, quoted in 49 L. R. A. (N. S.), page 160, as follows:

''The fact that a railroad mortgage empowers the trustees, upon the written request of the holders of bonds to a specified amount, after breach of the condition, to sell the property is no defense to a suit at law upon the bonds or coupons after they are payable. The bonds are the principal debt, and the mortgage is only an incidental security. The remedies at law and in equity do not clash and destroy each other, but exist together. * * * The mortgage might positively, or perhaps impliedly, take away from the bondholder his right of action at law upon the bonds or coupons; but the common-law right to enforce these obligations remains if not so taken away.''

Many other authorities on the subject are collected in the note to L. R. A. above referred to. The trust deed under consideration in the present case does not expressly take away the right of action at law on these bonds. The only question is whether it impliedly takes it away. We do not decide that it might be taken away by implication. An examination of the authorities leaves that question at least doubtful; but even if it could be, there is no such implication in the trust deed under consideration except that arising from the evident intention that all the bondholders should share equally in the proceeds of appellant's property if it became necessary to enforce payment by resorting to the trust deed. This implication, as will be seen by a reference to the authorities cited in the note to L. R. A. above mentioned, does not bar a suit at law on the coupons. Whether it prevents a collection of a judg-

ment obtained in such suit at law by levy on and sale of property covered by the trust deed, is a question not now before us. It would seem from the published abstract of the opinion that the Appellate Court of the First District reached the conclusion here expressed in the case of *Kellogg v. Interstate Independent Tel. & Tel. Co.*, 190 Ill. App. 187. Each of the three judgments is affirmed.

*Affirmed.*