Victor S. Pearlman & Company, Appellant, v. Lincoln-Belmont Building Corporation et al., Appellees.

Gen. No. 32,805.

Heard in the first division of this court for the first district at the June term, 1928. ▮▮▮▮ Opinion filed January 21, 1929. Rehearing denied February 4, 1929.

MORTON A. MERGENTHEIM, for appellant; THEODORE SHARF, of counsel.

HALL, SPITZ & ROOKS and ROSENTHAL, KURZ & TIEDEBOHL, for appellees; IRVIN ROOKS, EDWARD BLACKMAN, EDWARD R. TIEDEBOHL and HOWARD M. OBERNDORF, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Complainant filed its bill seeking to foreclose a second mortgage on certain premises. The demurrer of the defendants was sustained, the bill dismissed for want of equity, and the complainant appeals.

The allegations of the bill, so far as necessary to state, are that on March 1, 1925, the defendant Lincoln-Belmont Building Corporation, being indebted to the complainant and other bondholders in the sum of

$150,000, made and delivered to the Chicago Title & Trust Company as trustee its deed of trust; that complainant is the owner of seven of these bonds aggregating the sum of $5,000; that default had been made in the payment of two of the bonds and in addition default had been made in the payment of the interest, therefore complainant elected to declare the entire indebtedness of $150,000, secured by the trust deed, due and payable.

Counsel for both parties agree in their briefs that the question for decision turns upon the construction of certain provisions of the trust deed, which provisions are as follows:

"Article 6. It is further covenanted and agreed that in case of default for a period of 30 days in making payment of any of said bonds, either of principal or interest, then the whole of said principal sum secured hereby shall at once at the option . . . of the holder of any one of said bonds then unpaid, become due and payable; and in case of default in the performance of any covenant or agreement herein made by the party of the first part (the grantor), . . . and such default continuing for sixty days after written demand by or through the trustee on said party of the first part (the grantor) . . . then the whole of said principal sum hereby secured shall at once, at the option . . . of the holder. or holders of twenty per cent (20%) of the bonds herein described then unpaid become due and payable.''

"Article 8. The foregoing provision for entry, taking possession and operation under the power aforesaid is cumulative, with the ordinary remedy of foreclosure, and upon default being made as provided in this Trust Deed, it shall thereupon be lawful for the party of the second part, and upon the request in writing of the holder or holders of five or more of the then outstanding bonds, it shall be discretionary with the

Trustee hereunder to institute a suit for the foreclosure of this mortgage in any court of competent jurisdiction, and upon the request of the holder or holders of a majority in amount, it shall be the duty of the Trustee to institute a suit for foreclosure. . . ."

Article 11. Provides in part that "The exclusive right of action hereunder shall be vested in said Trustee until refusal on its part to act, and no bondholder shall be entitled to enforce these presents in any proceeding in law or in equity until after demand has been made upon the Trustee accompanied by tender of indemnity as aforesaid, and said Trustee has refused to act in accordance with such demand. Said Trustee shall not be bound to recognize any person as a bondholder until his bonds have been deposited with said Trustee and until his title thereto has been satisfactorily established."

It seems to be conceded in the argument that the allegations of the bill show that complainant had complied with all the provisions of the trust deed, that is, that it is the holder of seven of the bonds in the aggregate sum of $5,000; that there was a default in payment of the principal and interest of two of the bonds; that complainant made due demand and presentment as required by the trustee, and that the trustee declined to file a bill for foreclosure of the mortgage. The court held that under the circumstances disclosed by the bill, as above stated, complainant had no right to maintain its bill to foreclose the mortgage for the reason that such right under the facts disclosed was in the trustee.

As a general proposition the owner of a bond secured by a mortgage or trust deed has a right to institute foreclosure proceedings where there is a default in payment, but it is obvious that this right may be restricted or limited by agreement between the bondholders and that this limitation may be expressed in the

trust deed or mortgage. Counsel for both parties concede this to be the law, but the complainant contends that in the instant case its right to file a suit to foreclose the trust deed is not restricted by any provision of the trust deed because it appears from the allegations of the bill that it has complied with all the provisions of the trust deed; that under the terms of the trust deed the owner of any one of the bonds secured by it had the right upon default being made in the payment of a single instalment, principal or interest to declare the entire sum secured by the trust deed due and payable. And counsel for the defendants say that "The sole ground for the decision of the court below was that a majority in amount of the bondholders had not made demand upon the trustee to foreclose. . . . Therefore, the sole question presented on this bill is whether the bondholders holding bonds less than a majority of the amount, but in excess of five in number, have the right to foreclose under the terms of the trust deed, assuming all conditions precedent have been complied with."

In support of its contention complainant relies chiefly upon the cases of *Citizen's Bank of Los Angeles v. Los Angeles Iron & Steel Co.,* 131 Cal. 187, and *Farmers' Loan & Trust Co. v. Winona & S. W. R. Co.,* 59 Fed. 957. We think neither of these cases is in point. The provisions of the mortgage or trust deed therein involved are not similar to the provisions in the trust deed in the case before us. In these two cases the trust deed contained no provision similar to that contained in article 11 above quoted. That article expressly provides that the exclusive right of action under the trust deed is vested in the trustee until the trustee refuses to act. By article 8 of the trust deed it is provided that the trustee may, at its discretion, institute foreclosure proceedings upon request in writing made to it by the owner or owners of five or more of the bonds. And it is there further

provided that if the holder or holders of a majority in amount of the bonds make such a request of the trustee, it shall be its duty to institute foreclosure proceedings. From these provisions it is clear that the holder or holders of bonds have no right to institute foreclosure proceedings unless the trustee wrongfully refuses to do so. It cannot be held that the trustee has so wrongfully refused until the holder or holders of a majority in amount of the bonds request foreclosure. In the instant case, since the complainant owned but $5,000 of the $150,000 of the bonds, the trustee had the right under the provisions of the trust deed to refuse to institute foreclosure proceedings. What remedy, if any, the complainant may have as owner of the $5,000 of bonds we do not decide, except to say that it cannot maintain foreclosure proceedings, as it has attempted to do.

The court did not err in sustaining the demurrer to complainant's bill and dismissing it for want of equity. The decree of the circuit court of Cook county is affirmed.

*Affirmed.*

McSurely and Matchett, JJ , concur.