EMPLOYERS' REINSURANCE CORPORATION v. BOSTON MUT. LIFE INS. CO. et al.

No. 5826.

Circuit Court of Appeals, Fifth Circuit.

Dec. 6, 1930.

594

William H. Clark, J. W. Gormley, O. O. Touchstone, and William H. Clark, Jr., all of Dallas, Tex. (Touchstone, Wight, Gormley & Price and Clark & Clark, all of Dallas, Tex., on the brief), for appellant.

Eugene P. Locke, Maurice E. Purnell, Albert S. Johnson, and J. N. Townsend, all of Dallas, Tex. (Locke, Locke, Stroud & Randolph, of Dallas, Tex., on the brief), for appellees.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge.

Appellant filed a bill in a federal District Court to foreclose a mortgage on an improved city lot in Dallas. The mortgage was given to a trustee to secure 250 bonds, each of the denomination of $1,000, and contained provisions to the effect that in the event of default the trustee was authorized, and, upon request of the bondholders of a majority in amount of the bonds, was under the duty to foreclose; that no bondholder should foreclose or enforce any right under the mortgage until the trustee or his successor should wrongfully refuse such request to foreclose. The bill averred that appellant was the owner of ninety bonds, that all the bonds were in default for nonpayment of interest, that the trustee at the request of the bondholders of the majority bonds had so declared, and that appellant sued for the use and benefit of all bondholders; and prayed for the appointment of a receiver in order to protect the mortgaged property from waste. The owners of the property answered, and a decree was entered appointing a receiver. The bill, answer, and decree were all filed on the same day. A similar suit also praying for a receiver had previously been brought in a state court by the holders of a majority of the bonds, in which appellant was named as a party defendant. The state court appointed a receiver, but that was not done until after a receiver had been appointed by the federal court. On motion of the state court receiver and a bondholder, this suit was dismissed on the ground that the state court had first acquired jurisdiction.

It was not error to dismiss appellant's suit on the ground stated. It is not necessary that the state court receiver should have taken actual possession of the mortgaged property; but it was sufficient that a bill praying for a receiver was first filed in the state court. Farmers' Loan & Trust Co. v. Lake Street Elevated R. R. Co., 177 U. S. 51, 60, 20 S. Ct. 564, 44 L. Ed. 667; Adams v. Mercantile Trust Co. (C. C. A.) 66 F. 617.

The suit might well have been dismissed on another ground. In the absence of a refusal by the trustee to bring suit, and in the absence of fraud which is not charged, appellant, as a minority bondholder, had no standing in court, since the right to foreclose under the terms of the mortgage existed only in favor of the trustee. The right of a minority bondholder to foreclose under the facts alleged was withheld and denied by the provisions of the mortgage. It is well settled that those provisions conferred a valuable right on the majority bondholders which a minority bondholder in the absence of fraud could not destroy or impair by bringing suit. Chicago, etc., R. R. Co. v. Fosdick, 106 U. S. 47, 77, 27 L. Ed. 47; Guilford v. Minneapolis, etc., Ry. Co., 48 Minn. 560, 51 N. W. 658, 31 Am. St. Rep. 694; Seibert v. Minneapolis, etc., Ry. Co., 52 Minn. 148, 155, 53 N. W. 1134, 20 L. R. A. 535, 38 Am. St. Rep. 530.

The decree appealed from is affirmed.