This cause is here for review upon appeal taken by defendant below, appellant here, to a decree of the Circuit Court of Dade County, foreclosing a trust deed or mortgage on real estate by The City Trust Company, as Trustee for the holders of certain first mortgage coupon bonds totalling $44,000.00 secured by said mortgage. It will be observed that the trust deed was first executed to Thomas F. Davenport as trustee, and as authorized by its terms, appellee was duly substituted as such trustee.
It is conceded by both parties that the main issue presented in this appeal is that:
Where a trust deed is executed and delivered to secure the payment of numerous bonds made "payable to bearer" and there is no express provision in the trust deed specifically authorizing the trustee to foreclose the same on default in payment of any of the bonds, may the trustee, without joining the owners of the outstanding bonds either as co-complainants or as defendants, proceed to foreclose the mortgage in his or its own name?
The able briefs of both parties have directed attention to the recent case of Winer v. Trust Company of Florida, 98 Fla. 726, 124 So. 35. Appellant claims that the opinion *Page 394 
in above case may impliedly be considered as decisive of the above question in the instant case. That case appears to have turned on the fact that there was a clear provision in the Trust deed that in case of default the trustee would have the right to foreclose the same in due form, as the Court stated that:
 "Where trust deed provided that on default trustee should have right to proceed to foreclose, and bonds contained recital that they were secured by trust deed, and that trust deed was referred to and made part of bond, so that bondholders accepting bonds took them subject to conditions of trust deed and expressly authorized trustee to foreclose on default, trustee could maintain suit to foreclose without making bondholders parties."
In the instant case there is no provision in the trust deed expressly authorizing the trustee in terms to institute foreclosure without joining the bondholders as beneficiaries, but it is clear that a foreclosure if necessary may be had in the usual manner in the event of default as it provides that
 "In case of foreclosure for any default of the mortgagors under this"
instrument, a receiver may be appointed, and that
 "The trustee herein named, in acting as herein designated is acting for the Mortgagors, and also for the owners, holders and purchasers of any or all bonds described herein, which said bonds the trustee is hereby fully authorized and empowered to sell without further consent from the Mortgagors.
 "The trustee is hereby vested with full power and lawful authority to satisfy this mortgage of record without the signature of the cestuis que trustent and such satisfaction shall be as fully valid and binding as if made by the actual owners of the said bonds whenever *Page 395 
full payment of all notes and obligations then due under this mortgage shall have been made to the trustee whether said bonds, or any of them, shall be then owned by the original purchasers, or by one or more transferees, or by the trustee, and whether or not all of said bonds shall then be in the possession of said Trustee, and the Trustee is hereby authorized to hold all funds so collected, without interest, until the bonds represented by the funds so collected shall be presented to the Trustee, or until the Trustee shall be otherwise satisfactorily protected in such payment."
The 88 bonds held by many people were made payable to the trustee and his successors. It will also be observed from the master's report that he finds that the trustee, The City Trust Company, has in its possession $43,500.00 of the $44,000.00 outstanding and unpaid bonds, which are filed in evidence, and that the remaining bond of $500.00 is in the hand of a purchaser.
The general rule seems to be that where a mortgage or trust deed is executed to a trustee to secure the holders of notes or bonds of certain named creditors, both the trustee and beneficiaries should be made parties to a bill to foreclose. In some states, however, it is provided by statute that the trustee of an express trust may sue without joining the beneficiaries. 3 Jones on Mortgages (8th Ed.) 1770.
In the instant case the beneficiaries are not named in the trust deed, in fact the beneficiaries are holders of bonds made payable to "bearer" and not to named parties.
Under the provisions of Section 4201, Compiled General Laws of Florida, 1927 (Chapter 3241 Acts of 1881) the "trustee of an express trust (including a person with whom or in whose name contract is made for the benefit of another, * * *), may sue without joining with him *Page 396 
the person for whose benefit the action is prosecuted."
It is also observed that Chancery Rule 29, provides as follows:
 "Where the parties on either side are very numerous, and cannot, without manifest inconvenience and oppressive delays in the suit, be all brought before it, the court, in its discretion, may dispense with making all of them parties, and may proceed in the suit, having sufficient parties before (it) to represent all the adverse interests of the complainants and the defendants in the suit properly before it; but in such cases the decree shall be without prejudice to the rights and claims of all the absent parties."
This Court has held that the purpose of the above statutory provision is to relax the strict rules of the common law so as to enable those directly interested in, but not parties to, a contract, to maintain an action for its breach; and the statute should be so applied as to accomplish its salutary purpose. Woodbury v. Tampa Waterworks Co., 57 Fla. 249, 49 So. 556, 21 L.R.A. (N.S.) 1034,
The above rule 29 in Chancery cases in substance carries the same privileges to chancery cases (if that were necessary), especially where the bondholders are numerous as in this case. In fact, the equitable principles and rules, as administered in the English courts of chancery, in so far as applicable to our conditions, have been adopted as a part of our common or unwritten law. 12 C.J. 143, Sec. 12; Section 87, Compiled General Laws of Florida, 1927.
The general rule is that a trustee in a deed of trust in the nature of a mortgage represents and is competent to act for the cestuis que trust in matters legitimately pertaining to the execution of his duties, and in such matters any decree or proceedings binding on him is of like force on them, and thus he is competent to initiate foreclosure *Page 397 
proceedings or to maintain other actions looking to the protection of the interests of cestuis que trust. 19 R.C.L. 272, Sec. 43; 42 C.J. 44, Sec. 1558; 41 C.J. 882, Sec. 1094; Wiltsie on Mortgages (4th Ed.) 449, Secs. 329-330; 3 Jones on Mortgages (8th Ed.) 1768 et seq.
The above rule is applicable especially where the beneficiaries are so numerous that it would not be practicable to join them all or identify them, as in case of a trust mortgage securing a large issue of bonds. They may be sufficiently represented by the trustee. 42 C.J. 1558, Sec. 44; Rules 29 and 30 in Chancery causes.
One of the leading cases on this subject is Seibert v. Minneapolis St. L. Ry. Co., 52 Minn. 148, 53 N.W. 1134, 38 Am. St. Rep. 530, 20 L.R.A. 535, which with the appended notes, fully sustains the view that in the absence of unusual circumstances, such as the trustee's refusal to act, negligence, fraud or misconduct, the bondholders have no right to bring suit in their own names. See 2 Jones on Mortgages (8th Ed.) Sec. 1771, and cases there cited.
The decree of the trial court is affirmed.