Louis Rosenzweig, Appellant, v. Jacob Roitman et al., Defendants. Liberty Trust & Savings Bank and Harry L. DeGraff, Appellees.

Gen. No. 35,547.

Opinion filed April 5, 1932.

AARON SOBLE and WILLIAM FELDMAN, for appellant.

RINGER, WILHARTZ & HIRSCH, for appellee Liberty Trust & Savings Bank; SAMUEL E. HIRSCH and J. R. COHLER, of counsel.

BLECH & HERSON, for appellee Harry L. DeGraff; HERMAN HERSON, of counsel.

MR. JUSTICE KERNER delivered the opinion of the court.

August 7, 1931, complainant, holder of a $500 bond out of an issue aggregating $120,000, secured by a trust deed to Liberty Trust and Savings Bank as trustee, filed his bill seeking the appointment of a receiver and the foreclosure of the trust deed. August 12, 1931, the bill was dismissed for want of equity. From this decree complainant appealed, and the ruling of the court in dismissing the bill is assigned as error.

The pertinent material allegations of the bill are that on June 1, 1928, the defendants, Joseph Roitman

and Esther Roitman, his wife, being indebted in the aggregate in the principal sum of $120,000 made and delivered their 280 bonds aggregating $120,000, and to secure the same made and delivered to Liberty Trust and Savings Bank as trustee, their deed of trust; that complainant is the owner of one of said bonds in the sum of $500; that in case of default in the payment of principal or in the payment of interest and the continuance of such default for a period of 20 days, then the whole of said principal sum and interest shall at once become due and payable, and the trustee may, in its discretion, enter upon and take possession of the mortgaged premises, and collect the rents therefrom; that in lieu of or in addition to the right of entry the trustee may, in case of default and the continuance thereof in the payment of principal or interest, and upon the written request of the holder of any one or more of the then outstanding bonds, and upon being indemnified to its satisfaction, shall in case of default *either* cause said trust deed to be foreclosed upon, and the mortgaged property to be sold, or proceed to protect and enforce the rights of the trustee and bondholders thereunder, by appropriate proceedings, at law or in equity, and in case of default the trustee may on the request of the holders of not less than 20 per cent of the then outstanding bonds, and upon being indemnified to its satisfaction, cause said trust deed to be foreclosed, or take such other proceedings to enforce or protect the right of the trustee and the bondholders thereunder; that no remedy conferred upon or reserved to the trustee is intended to be exclusive of any other remedy or remedies, but each and every such remedy shall be cumulative and shall be in addition to any other remedy given under said trust deed, or existing in law or in equity, or by statute.

The bill further alleges that on August 6, 1931, a notice with a letter of indemnity was served upon the

Liberty Trust and Savings Bank as trustee, that complainant is the legal holder and owner of bond No. 20, due June 1, 1931, for $500 and interest, and that default has been made in the payment of the principal and interest due June 1, 1931, and that because of said default, complainant had elected to declare and does declare immediately due and payable the entire principal indebtedness secured by said trust deed, and requesting the said trustee to foreclose the trust deed in order to satisfy the indebtedness secured thereby; that said trustee refused to act in accordance with said demand, and left complainant to such relief as he may obtain under the provisions of the trust deed and complainant had the right to institute proceedings and declare the entire indebtedness due and owing because of the refusal on the part of the trustee to act.

The bill further alleges that the defendant, Harry L. DeGraff, is the record title holder of the premises sought to be foreclosed; that the premises in question are known as the Dorette apartments, located at 1539–43 South Avers avenue, Chicago, and consist of 30 flats; that the monthly rental therefrom is approximately $1,500; that the property is scant security in that the value of the same has depreciated and that the same is not worth in excess of $120,000; that unless a receiver is forthwith appointed, with the usual powers of receivers in chancery, to collect the rents, issues and profits, the bondholders will realize less than the amount of the bonds outstanding, to their irreparable loss and damage.

August 8, 1931, Harry L. DeGraff was served with notice that complainant would move the appointment of a receiver, which motion was continued to August 12, 1931, at which time the appellees moved to dismiss the bill.

The question for determination is, Did the chancellor err in dismissing the bill? Complainant con-

cedes, as indeed he must, that under our chancery practice, a motion to dismiss a bill may be properly made by the defendants upon the ground that there is no equity apparent upon the face of the bill, and in such case the motion is treated as a general demurrer, admitting all the facts well pleaded by the bill, and that such a bill will be dismissed if it is clear that no amendment can help it. It was so stated in *Grimes v. Grimes,* 143 Ill. 550, 555; *Leonard v. Arnold,* 244 Ill. 429, 433. The effect of a demurrer in equity is to admit the truth of all facts properly pleaded as distinguished from conclusions, but it does not admit inferences of law drawn from those facts, and every allegation is to be taken most strongly against the pleader. The charge that the complainant was left to such relief as he might obtain under the provisions of the trust deed and that he had the right to institute foreclosure proceedings, was not admitted by the demurrer, as it was only the pleader's conclusion. Moreover, there is no equity apparent upon the face of the bill, and no amendment can aid it. The complainant, in his bill, under oath alleges that he specifically requested the trustee to *foreclose* the trust deed. By the terms of the trust deed the trustee is not required to foreclose the trust deed upon demand of a single bondholder. The trust deed provides that upon request of a single bondholder the trustee shall *either* foreclose the trust deed *or* proceed to protect and enforce the rights of the trustee and bondholders by appropriate proceedings, at law or in equity. It is not alleged that the trustee refused to proceed to protect and enforce the rights of the trustee and bondholders by appropriate proceedings at law or in equity, other than by institution of foreclosure proceedings. The provisions of the trust deed limiting the right of a single bondholder to foreclose are valid. (*Seibert v. Minneapolis & St. Louis Ry. Co.,* 52 Minn. 148, 53

N. W. 1134, 1136; *Chicago, Danville & Vincennes R. Co. v. Fosdick,* 106 U. S. 47, 77; *Muren v. Southern Coal & Mining Co.,* 177 Mo. App. 600, 160 S. W. 835; *Pearlman & Co. v. Lincoln-Belmont Bldg. Corp.,* 251 Ill. App. 135, 137; *Belleville Savings Bank v. Mercantile Trust Co.,* 194 Ill. App. 175; *Romberg v. Interstate Independent Telephone & Telegraph Co.,* 200 Ill. App. 509.)

In the order dismissing the bill for want of equity it is recited: "That the complainant did not at any time prior to the filing of the bill of complaint herein demand, in accordance with the terms and provisions of the Trust Deed sought to be foreclosed, that the said Liberty Trust and Savings Bank, as Trustee, institute a suit for the foreclosure of the said Trust Deed, and that the said Liberty Trust and Savings Bank did not at any time prior to the filing of the bill of complaint herein refuse to institute a suit for the foreclosure of the said Trust Deed, and that the said bill of complaint was prematurely filed herein." The bill was properly dismissed for want of equity, but the order of dismissal should not have included in it a finding of facts (*Hibbard v. Mallers,* 184 Ill. App. 474; *Vannatta v. Lindley,* 198 Ill. 40; *Prather v. Lewis,* 287 Ill. 304). The decree will be modified by striking out the finding of facts, and as modified will be affirmed. Each party will pay one-half the costs in this court. (See *Thurber Art Galleries v. Rienzi Garage,* 288 Ill. 35, 39.)

*Decree modified and as modified affirmed; each party to pay one-half the costs in this court.*

Gridley, P. J., and Scanlan, J., concur.