**Emily Holl, Appellant, v. Edward M. Levin et al., Appellees.**

Gen. No. 36,673.

Opinion filed February 7, 1934. Rehearing denied February 26, 1934.

FREDERICK W. WINKLER and ROBERT H. EBERLE, for appellant.

BUTZ, VON AMMON & MARX, for appellee Chicago Title & Trust Co.; FREDERICK Z. MARX, of counsel.

FRANCIS E. MATTHEWS, *pro se;* J. R. HARMON and C. F. SPRINGER, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

This was an action to foreclose a trust deed which was brought by the owner of 9 bonds of $500 each, aggregating the total sum of $4,500, being part of a total bond issue aggregating $350,000, dated August 1, 1925. A demurrer was sustained to complainant's amended bill and the amended bill dismissed for want of equity, from which order this appeal has been perfected.

A part of the bonds matured semiannually, beginning August 1, 1927, and the balance becomes due August 1, 1935. The bonds were secured by a trust deed on property in the City of Chicago, and the loan was made and the bonds sold by the firm of Lackner, Butz & Company, a corporation, which has since gone out of business. The Chicago Title & Trust Company was named as trustee in the trust deed.

The bill charges that the trustee on April 16, 1930, caused a certain protective committee for the holders of these bonds to be formed and organized and that one Pettibone, president of the Chicago Title & Trust Company, is its chairman; that the former officers in control of Lackner, Butz & Company organized the

Lake Shore Securities Company; that the trustee refuses to act except at the instance and direction of said committee; that the power to accelerate the unmatured bonds lies solely within the Lake Shore Securities Company, said protective committee and Chicago Title & Trust Company as depositary thereof; that the trustee is not acting with impartiality as between the depositing and nondepositing bondholders. The bill further charges that the complainant has asked and demanded of the trustee and these committees, the names of the other unpaid bondholders in order to secure their consent to a demand on the trustee to foreclose the trust deed upon the property involved.

Article XI of the trust deed provides:

". . . The exclusive right of action hereunder (except as herein otherwise provided for) shall be vested in said Trustee until refusal on its part to act, and no bondholder or coupon holder or person making disbursements shall be entitled to enforce these presents in any proceeding in law or in equity (except as herein otherwise provided for) until after demand has been made upon the Trustee, accompanied by tender of indemnity as aforesaid, and said Trustee has refused to act in accordance with such demand. . . ."

Plaintiff on this appeal contends that an individual bondholder has the right to maintain a foreclosure, although the instrument itself contains a provision for suit by the trustee. Complainant also contends that a proper interpretation of the trust agreement gives her the right, as a holder of 20 per cent in par value of said bonds then matured and unpaid, to maintain the action.

As to the first proposition, plaintiff's position might be well taken were it not for the fact that the trust agreement under which she purchased her bonds provides expressly for the manner of foreclosure and places this right with the trustee. Where one purchases bonds under such a trust agreement he is limited

and restricted to that agreement, because of the mutual contract and understanding between all the bondholders. It is mutually binding and enforceable only in the manner provided. *Pearlman & Co. v. Lincoln-Belmont Bldg. Corp.*, 251 Ill. App. 135; *Kobs v. Kraemer Bldg. Corp.* (Abst.), 266 Ill. App. 597.

Article VI of the trust deed contains the following provision:

"It is further covenanted and agreed that in case of default for a period of thirty (30) days in the payment of any coupon or coupons given to evidence the interest on any of said bond or bonds, the holder or holders of said bond or bonds may, at his or their election, immediately upon the expiration of said thirty days, without notice, declare the whole of the principal sum of said bond or bonds, held by such holder or holders, respectively, together with all accrued interest thereon, at once due and payable; and it is further covenanted and agreed that in case of default for a period of thirty (30) days in making payment of any of said coupons, or in case of default in the payment of one or more of said bonds upon the maturity thereof, either by its or their terms or by anticipation of maturity in pursuance of any option or election contained in this trust deed or in said bonds, then the whole of the principal sum secured hereby shall at once, at the option (upon written notice thereof to said party of the first part, his heirs, executors, administrators or assigns) of the holder or holders of twenty per cent in par value of said bonds then unpaid, become due and payable; and in case of default in the performance of any covenant or agreement herein made by the party of the first part, or his heirs, executors, administrators or assigns (other than default in the payment of principal or interest as aforesaid), and the continuance of such default for thirty (30) days after written notice by or through the Trustee (or by the holder or holders of twenty per cent in par value of the bonds then un-

paid), to said party of the first part or his heirs, executors, administrators or assigns, of the non-performance of the covenant or covenants or agreement or agreements so broken, then the whole of said principal sum secured hereby shall at once, at the option (upon written notice thereof to said party of the first part or his heirs, executors, administrators or assigns) of the holder or holders of twenty per cent in par value of the bonds herein described then unpaid, become due and payable; . . .''

This provision gives the holder of bonds the right upon the expiration of 30 days after default to declare the whole of the principal sum of said bond or bonds held by such holder, together with interest, at once due and payable. The complainant had the right under the agreement to seek a partial foreclosure for the satisfaction of complainant's bonds, but this action is brought to foreclose the entire issue. It is complainant's interpretation of the trust agreement that foreclosure should be had on demand of the ''holders of 20 per cent in par value of said bonds then due and unpaid,'' and not 20 per cent of all the bonds still unpaid. Article VI provides that in case of default in payment of one or more bonds upon maturity thereof, either by its or their terms or by anticipation of maturity in pursuance of any option or election contained in this trust deed or in said bonds, then the whole of the principal sum secured thereby shall at once, at the option (upon written notice thereof to said party of the first part, his heirs, executors or assigns) of the holder or holders of 20 per cent in par value of said bonds then unpaid, become due and payable. The bonds that have matured are not the only bonds that are unpaid but the balance of the issue not yet matured is also unpaid. We interpret this section to mean that no single bondholder can bring an action for a complete foreclosure, but must require the co-operation of a substantial number, to wit, 20 per cent of the

total issue of unpaid bonds before such a proceeding can be maintained. If all of the bonds had matured it would become the duty of the trustee upon their request or on the request of any one bondholder to foreclose the trust deed for the satisfaction of the entire issue. If there was a default in any part of the issue then 20 per cent of the bonds even though not in default could demand a foreclosure for all.

The complainant did not comply with the requirements of the agreement by joining with it a sufficient number of bondholders in its demand upon the trustee to institute foreclosure proceedings and the trustee was justified in refusing to proceed until a proper demand had been made in accordance with the trust agreement. Complainant has not complied with the acceleration agreement of the trust deed as contained in Article VI.

For the reasons stated in this opinion, the order of the superior court dismissing the bill for want of equity is affirmed.

*Order affirmed.*

HALL, P. J., and HEBEL, J., concur.